THE O'MARA LAW FIRM, P.C.
DAVID C. O'MARA
NEVADA BAR NO. 8599
311 East Liberty St.
Reno, Nevada 89501
775-323-1321
775-323-4082 (fax)
david@omaralaw.net

*Counsel for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| JILL STOKKE, an individual, CHRIS PRUDHOME, MARCHANT FOR CONGRESS, RODIMER FOR CONGRESS, an individual, | Case No. |
| Plaintiffs, | **COMPLAINT** |
| v. | |
| SECRETARY OF STATE BARBARA CEGAVSKE, in her official capacity, and CLARK COUNTY REGISTRAR OF VOTERS JOSEPH P. GLORIA, in his official capacity, | |
| Defendants. | |

Plaintiffs Jill Stokke, Chris Prudhome, Marchant for Congress, and Rodimer for Congress through their undersigned counsel, bring this action against: Defendant Secretary of State Barbara K. Cegavske and the Clark County Registrar of Voters Joe P. Gloria. All persons named as defendants are sued exclusively in their official capacities. Plaintiffs allege as follows:

**JURISDICTION AND VENUE**

1.  This Court has subject-matter jurisdiction over this action under 28 U.S.C. § 1331, because this case arises under the Constitution and laws of the United States of America and 28 U.S.C. § 1367 because the claims based on state law are so related to the federal questions as to form part of the same case or controversy. This Court also has jurisdiction to grant both declaratory and injunctive relief under 28 U.S.C. §§ 2201 and 2202.

1

2. Venue is proper in this Court under 28 U.S.C. § 1391(b), because a substantial part of the events giving rise to this action arose in this district.

### PARTIES

3. Plaintiff Jill Stokke is a duly qualified and properly registered voter who has attempted to vote in the November 3, 2020 general election (the "Election").

4. Chris Prudhome is a credentialed member of the media who, as a member of the media, attempted to observe the counting of ballots in the Election in Clark County.

5. Marchant for Congress is the official candidate committee for James Marchant, a candidate for U.S. Congress for Nevada's Fourth Congressional District.

6. Rodimer for Congress is the official candidate committee for Daniel Rodimer, a candidate for U.S. Congress for Nevada's Third Congressional District.

7. Defendant Barbara K. Cegavske is the Secretary of State of Nevada. Pursuant to Nev. Rev. Stat. § 293.124(1), she serves as the "Chief Officer of Elections for this state," and "is responsible for the execution and enforcement of the provisions of Title 24 of NRS and all other provisions of state and federal law relating to elections in this state."

8. Defendant Joe P. Gloria is the Clark County Registrar of Voters and is responsible for appointment and oversight of local election boards for the various precincts and districts in Clark County, Nevada. Nev. Rev. Stat. § 293.217(1).

### DEFENDANTS' ILLEGAL CONDUCT

9. The Election is currently in progress.

10. NRS 293.8874(1), as enacted in Assembly Bill 4, Sec. 4, 32md Special Session (Nev. 2020), requires "the clerk or an employee in the office of the county clerk shall check the signature used for the mail ballot in accordance with" detailed procedures.[1]

---

[1] The use of the word "shall" in a statute imposes a mandatory duty. *Kingdomware Technologies*, Inc., 136 S.Ct. 1969, 195 L.Ed 2d 334 (2016) *See United States ex rel. Siegel v. Thoman*, 156 U.S. 353, 359–360, 15 S.Ct. 378, 39 L.Ed. 450 (1895)""When a statute distinguishes between 'may' and 'shall,' it is generally clear that 'shall' imposes a mandatory duty.")

2

11. Irregularities have plagued the election in Clark County, including lax procedures for authenticating mail ballots and over 3,000 instances of ineligible individuals casting ballots. Ballots have even been cast on behalf of deceased voters. Moreover, the public has often been prohibited from observing the processing of mail ballots, resulting in much of their work being done in the shadows without public accountability.

12. On November 3, 2020, Plaintiff Stokke attempted to vote in person in Clark County. She was not allowed to vote because, according to election officials, she had already cast a mail ballot. Plaintiff Stokke had not, in fact, cast any such mail ballot.

13. On information and belief, it was Clark County's use of Agilis signature-verification software that allowed Plaintiff Stokke's ballot, which she had not signed, to be accepted and counted in the Election.

14. Further, Defendant Gloria is using the Agilis signature-verification software in a manner which is contrary to the manufacturer's prescriptions. Specifically, the manufacture requires that signatures be scanned with a resolution of at least 200 D.P.I. Nevertheless, Mr. Gloria has consistently used signature files from the DMV which are all scanned at less than 200 D.P.I., resulting in the Agilis machine being unable to perform its required function (i.e. verifying signatures).

15. Clark County is the only county in Nevada that uses the Agilis system and the only county in Nevada that does not verify signatures on absentee and mail in ballots in person.

16. Nev. Rev. Stat. § 293.8881, as enacted in Assembly Bill 4, Sec. 4, 32md Special Session (Nev. 2020) provides, "For any affected election, the mail ballot central counting board may begin counting the received mail ballots 15 days before the day of the election. The board must complete the count of all mail ballots on or before the ninth day following the election. The counting procedure must be public."

17. Nev. Rev. Stat. § 293.363 provides that for in-person ballots, "[w]hen the polls are closed, the counting board shall prepare to count the ballots voted. The counting procedure must be public and continue without adjournment until completed."

3

18. On November 4, 2020, at approximately 12:45 a.m., Plaintiff Prudhome tried to observe ballot counting at the Clark County Election office located at 965 Trade Drive, Las Vegas, Nevada 89030. Election officials tried to deny him entry to the office. A few minutes later, Defendant Gloria told Plaintiff Prudhome counting was complete for the evening and instructed him to leave. Moreover, while Plaintiff Prudhome was allowed to observe, the screens through which he would have watched were all turned off and faced away from him. When Plaintiff Prudhome inquired into these conditions, election officials asked law enforcement to remove him from the building.

**Count I: VIOLATIONS OF THE ELECTIONS CLAUSE**

19. Plaintiffs fully incorporate the allegations in paragraphs 1 through 15 above as if fully set forth herein.

20. Section 4 of Article I of the U.S. Constitution provides, "The Times, Places and Manner of holding Elections for Senators and Representatives, shall be prescribed in each State by the Legislature thereof . . . ."

21. Defendants have violated the Elections Clause by usurping the Nevada Legislature's constitutional authority to set the manner of elections. In particular, by using the Agilis software system. No other county in Nevada uses this system, and accordingly, voters in Clark County, in including Plaintiff Stokke, are at an unequal risk of having their legal votes diluted by votes with mismatched signatures.

22. There is no legitimate state interest that justifies this disparity in any way.

23. As part of the Voter's Bill of Rights, codified at Nev. Rev. Stat. § 293.2546, the Nevada Legislature declared that each voter has the right to a "uniform, statewide standard for counting and recounting all votes accurately. NRS 293.2546(1).

**Count II: Equal Protection**

24. Plaintiffs fully incorporate the allegations in paragraphs 1 through 18 above as if fully set forth herein.

25. The Equal Protection Clause of the U.S. Constitution prohibits states from denying "to any person . . . the equal protection of the laws." U.S. Const. amend. XIV, § 1. Plaintiffs' equal protection rights are enforceable pursuant to 18 U.S.C. § 1983.

26. Defendants have violated the Equal Protection Clause by attempting to match signatures in Clark County using the Agilis system and thereafter, not having the clerk or employee of the clerk's office verify the signature.

27. No other county in Nevada uses this system, and accordingly, voters in Clark County, including Plaintiff Stokke, are at an unequal risk of having their legal votes diluted by votes with mismatched signatures.

28. There is no legitimate state interest that justifies this disparity in any way and such disparity violates Nevada voters' right to have uniform, statewide standard of counting and recounting all votes accurately.

**Count III: Violation of Nev. Rev. Stat. §§ 293.8881 and 293.363**

29. Plaintiffs fully incorporate the allegations in paragraphs 1 through 21 above as if fully set forth herein.

30. Nev. Rev. Stat. §§ 293.8881 and 293.363 require Defendants to allow public access to ballot-counting. Through the above-described conduct, Defendants deprived Plaintiff Prudhome any meaningful access to ballot-counting.

**PRAYER FOR RELIEF**

WHEREFORE Plaintiffs respectfully pray for the following relief:

1. An Injunction directing Defendants and their officers, agents, employees, attorneys, and any other person acting under their direction or control to cease the use of the Agilis system to count ballots in Clark County;

2. Injunctive relief directing Defendants that the Agilis system is improper and that each mail ballot shall and must be checked by the clerk or an employee of the office of the clerk before it can be verified as a valid ballot for counting.

3. For injunctive relief directing Defendants and their officers, agents, employees and any other person acting under their direction or control to allow meaningful access to the ballot counting process.

4. For declaratory judgment that Defendants have violated NRS 293.8874 passed by the Nevada Legislature in 2020.

5. A declaratory judgment that Defendants have violated the Elections and Equal Protection Clauses and Nev. Rev. Stat. §§ 293.8881 and 293.363;

6. Attorney's fees and costs pursuant to 18 U.S.C. § 1988; and

7. All other relief that this honorable Court deems just and proper.

DATED: November 5, 2020                    THE O'MARA LAW FIRM, P.C.

                                                          /s/ David C. O'Mara
                                                  DAVID C. O'MARA, ESQ

311 East Liberty St.
Reno, Nevada 89501
775-323-1321
775-323-4082 (fax)
*Counsel for Plaintiff*