THE O'MARA LAW FIRM, P.C.
DAVID C. O'MARA
NEVADA BAR NO. 8599
311 East Liberty St.
Reno, Nevada 89501
775-323-1321
775-323-4082 (fax)
david@omaralaw.net

*Counsel for Plaintiffs Jill Stokke, Chris Prudhome,*
*Marchant for Congress, Rodimer for Congress*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| JILL STOKKE, an individual, CHRIS PRUDHOME, an individual, MARCHANT FOR CONGRESS, RODIMER FOR CONGRESS,<br><br>Plaintiffs,<br><br>v.<br><br>SECRETARY OF STATE BARBARA CEGAVSKE, in her official capacity, and CLARK COUNTY REGISTRAR OF VOTERS JOSEPH P. GLORIA, in his official capacity, CLARK COUNTY ELECTION BOARD,<br><br>Defendants. | Case No. 2:20-cv-02046<br><br>**PLAINTIFFS' EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION** |

Plaintiffs Jill Stokke, Chris Prudhome, Marchant for Congress, Rodimer for Congress, through their undersigned counsel, respectfully move this Court, on an emergency basis, under Federal Rule of Civil Procedure 65 for a temporary restraining order and preliminary injunction barring Defendants from violating Nevada Law and the Elections Clauses and the Equal Protection Clause of the U.S. Constitution. Defendants' conduct has inflicted, and continues to inflict, irreparable injury upon Plaintiffs. This Court should issue immediate relief to protect both Plaintiffs and the integrity of the 2020 general election. Plaintiffs respectfully request that this Court issue a temporary restraining order and preliminary injunction to enjoin Defendants from continuing to

1

violate Nev. Rev. Statutes 293.8874, 293.363(1), 293.8881(1), the U.S. Const., art. I, § 4, cl. 1 and amend. XIV, § 1.

**DECLARATION OF DAVID O'MARA, ESQ. IN SUPPORT OF EMERGENCY MOTION AND REQUESTS OF EXPEDITED HEARING**

I, David O'Mara, Esq., make the following Declaration in support of the instant Emergency Motion of Plaintiffs Jill Stokke and Chris Prudhome for a Temporary Restraining Order and Preliminary Injunction pursuant to LR 7-4 and Request for Expedited Hearing pursuant to Fed. R. Civ. P. 65 and LR 6-1:

1. I am competent to testify to the matter asserted herein, of which I have personal knowledge, except as to those matters state upon information and belief. As to those matters stated upon information and belief, I believe them to be true.

2. I am counsel of record for Plaintiff Jill Stokke and Chris Prudhome in the instant action.

**Nature of the Emergency**

3. The 2020 general election is currently in progress.

4. As set forth in the Complaint and the Declaration of Jill Stokke, on November 3, 2020, Plaintiff Stokke attempted to vote in person in Clark County, Nevada. She was not allowed to vote because, according to election officials, she had already cast a mail ballot. Plaintiff Stokke had not, in fact, cast any such mail ballot.

5. On information and belief, it was Clark County's use of Agilis signature-verification software that allowed Plaintiff Stokke's mail ballot, which she had not signed, to be accepted and counted in the Election.

6. On information and belief, Clark County is the only county in Nevada that uses the Agilis system and the only county in Nevada that does not verify signatures on mail ballots in person.

7. Nev. Rev. Stat. § 293.8874(1), as enacted in Assembly Bill 4, Sec. 23, 32nd Special Session (Nev. 2020), requires "the clerk or an employee in the office of the clerk shall check the signature used for the mail ballot in accordance with" detailed procedures.

8. On information and belief, by utilizing the Agilis software system for verifying Defendants have violated the Elections Clause by usurping the Nevada Legislature's constitutional authority to set the manner of elections. In particular, by using the Agilis software system instead of matching signatures in person, Defendants have ignored the requirement in Nev. Rev. Stat. § 293.8873(1), as enacted under Assembly Bill 4, Sec. 23, 32nd Special Session (Nev. 2020), that "the clerk or an employee in the office of the clerk shall check the signature used for the mail ballot" as well as the procedures by which the clerk or employee must do so.

9. As set forth in the Complaint and the Declaration of Chris Prudhome, he is a credentialed member of the media who, as a member of the media, attempted to observe the counting of ballots in the Election in Clark County. On November 4, 2020, at approximately 12:45 a.m., Plaintiff Prudhome tried to observe ballot counting at the Clark County Election office located at 965 Trade Drive, Las Vegas, Nevada 89030. Election officials tried to deny him entry to the office. A few minutes later, Defendant Gloria told Plaintiff Prudhome counting was complete for the evening and instructed him to leave. Moreover, while Plaintiff Prudhome was allowed to observe, the screens through which he would have watched were all turned off and faced away from him. When Plaintiff Prudhome inquired into these conditions, election officials asked law enforcement to remove him from the building.

10. Nev. Rev. Stat. § 293.8881, as enacted in Assembly Bill 4, Sec. 4, 32md Special Session (Nev. 2020) provides, "For any affected election, the mail ballot central counting board may begin counting the received mail ballots 15 days before the day of the election. The board must complete the count of all mail ballots on or before the ninth day following the election. The counting procedure must be public."

3

11. Nev. Rev. Stat. § 293.363 provides that for in-person ballots, "[w]hen the polls are closed, the counting board shall prepare to count the ballots voted. The counting procedure must be public and continue without adjournment until completed."

12. Through the above-described conduct, Defendants deprived Plaintiff Prudhome any meaningful access to ballot-counting.

13. Absent immediate court intervention, Defendants will continue to utilize the Agilis software system to count ballots and prevent public access to observe the counting of ballots in violation of Nevada and Federal law.

14. The office address and telephone numbers of movant and all parties is as follows:

**Movant/Plaintiffs' Counsel:**

THE O'MARA LAW FIRM, P.C.
DAVID C. O'MARA
311 East Liberty St.
Reno, Nevada 89501
775-323-1321

**All other Parties/Defendants:**

SECRETARY OF STATE BARBARA K. CEGAVSKE, in her official capacity
2250 Las Vegas Blvd., Suite 400
North Las Vegas, NV 89030
(702) 486-2880

CLARK COUNTY REGISTRAR OF VOTERS JOE P. GLORIA, in his official capacity,
965 Trade Drive, Suite A
Las Vegas, Nevada 89030
(702) 455-8683

15. Based on the nature of the violations and harm to Plaintiffs as set forth in the Complaint and the supporting Declarations, Plaintiffs believe that a meet and confer would be futile and that Defendants harmful conduct will not cease absent court intervention and issuance of a temporary restraining order and injunction.

16. The Emergency Motion is being filed concurrent with the Complaint instituting this action. As such, pursuant to LR 7-4(a)(3), undersigned states that he will endeavor to notify Defendants' of this Emergency Motion for Temporary Restraining Order and Preliminary Injunction

and Request for Expedited Hearing by either emailing or faxing a copy of the Complaint and Emergency Motion to Defendants.

I declare under penalty of perjury that the forgoing is true and correct.

DATED: November 5, 2020               THE O'MARA LAW FIRM, P.C.

                                      /s/ David C. O'Mara
                                      DAVID C. O'MARA, ESQ

**MEMORANDUM OF POINTS AND AUTHORITIES**

The standard for granting a temporary restraining order and a preliminary injunction under Federal Rule 65 is well established. A plaintiff seeking a preliminary injunction must establish: (1) that he is likely to succeed on the merits, (2) that he is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in his favor, and (4) that an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7 (2008); *Park Vill. Apt. Tenants Ass'n v. Mortimer Howard Trust*, 636 F.3d 1150, 1160 (9th Cir. 2011). In addition, a court may issue a temporary restraining order without notice to an adverse party "if immediate and irreparable injury, loss, or damage will result . . . before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b). As set forth below, Plaintiffs satisfy each of these requirements.

A.  **Plaintiffs Satisfy the Requirements for Receiving a Temporary Restraining Order**

This Court should issue a temporary restraining order to prevent Defendants' ongoing violations of federal election law. The Complaint establishes that, unless this Court grants immediate relief, Plaintiffs will suffer "immediate and irreparable injury." Fed. R. Civ. P. 65(b).

The U.S. Supreme Court has held that the right to vote is a "fundamental political right," "preservative of all rights." *Yick Wo v. Hopkins*, 118 U.S. 356, 370 (1886); *United States v. Olinger*, 759 F.2d 1293, 1302 (7th Cir. 1985). This right extends not only to "the initial allocation of the franchise," but also to "the manner of its exercise." *Bush v. Gore*, 531 U.S. 98, 104–05 (2000). Infringement of fundamental constitutional freedoms such as the right to vote, "for even minimal

periods of time, unquestionably constitutes irreparable injury." *Elrod v. Burns*, 427 U.S. 347, 373 (1976); *Christian Legal Society v. Walker*, 453 F.3d 853, 859 (7th Cir. 2006). Defendants' ongoing violations of NRS 293.8874(1), as enacted in Assembly Bill 4, Sec. 4, 32nd Special Session (Nev. 2020), threaten to burden or infringe upon the rights of Plaintiff Jill Stokke by violating the Elections Clauses and Equal Protection Clauses of the U.S. Constitution. The use of the Agilis Ballot Packing Sorting System to check signatures of ballots clearly violates Nevada law, enacted by the legislature, which states "***the clerk or an employee in the office of the clerk*** shall check the signature used for the mail ballot." NRS 293.8874(1), as enacted in Assembly Bill 4, Sec. 4, 32md Special Session (Nev. 2020) (emphasis added).

Likewise, Defendants' ongoing violations of NRS §§ 293.8881(1) and 293.363(1) threaten to burden or infringe upon the rights of Plaintiff Chris Prudhome by violating the Elections Clauses and Equal Protection Clauses of the U.S. Constitution. Nevada law clearly provides that ballot counting "must be public," yet he was denied access to the Clark County Election central counting facility. NRS §§ 293.8881(1); 293.363(1).

Thus, only this Court can prevent immediate and irreparable injury to Plaintiffs.

**B.**     **Plaintiffs Satisfy the Requirements for Receiving a Preliminary Injunction**

Plaintiffs also satisfy the requirements for obtaining a preliminary injunction.

***First***, there is no adequate remedy at law. Because vote tallying is ongoing, the harm to Plaintiffs is immediate and cannot be remedied by monetary relief. Defendants' ongoing violations of state and federal law threaten to undermine the integrity and fairness of the election in ways that cannot be easily traced or remedied after the fact. Because both the election and Defendants' misconduct are ongoing, the harm to Plaintiffs is immediate, and cannot be remedied by monetary relief.

***Second***, as discussed above, Plaintiffs will suffer irreparable injury in the absence of immediate relief. Indeed, the infringement of fundamental constitutional freedoms such as the right to vote, "for even minimal periods of time, unquestionably constitutes irreparable injury." *Elrod v. Burns*, 427 U.S. 347, 373 (1976*).*

*Third*, the harm suffered in the absence of injunctive relief outweighs any alleged harm the defendant will suffer if the injunction is granted. Indeed, there is no harm to defendant to require Defendants to abide by the requirements of NRS 293.8874 and have the clerk or an employee check the signature.

*Fourth*, Plaintiffs have a reasonable likelihood of success on the merits as NRS 293.8874(1), as enacted in Assembly Bill 4, Sec. 23, 32nd Special Session (Nev. 2020) specifically requires that the "clerk or an employee in the office of the clerk *shall* check the signature used for the mail ballot in accordance with" various procedures. NRS 293.8874(1) (emphasis added). The use of the word "shall" in a statute imposes a mandatory duty. *Kingdomware Technologies*, Inc., 136 S. Ct. 1969, 195 L. Ed 2d 334 (2016); *see also United States ex rel. Siegel v. Thoman*, 156 U.S. 353, 359–360, 15 S. Ct. 378, 39 L. Ed. 450 (1895) ("When a statute distinguishes between 'may' and 'shall,' it is generally clear that 'shall' imposes a mandatory duty.")

**Fifth**, issuing an injunction is in the public interest by preventing widespread violations of NRS 293.8874(1), as enacted in Assembly Bill 4, Sec. 4, 32md Special Session (Nev. 2020), NRS 293.8881(1), the U.S. Const., art. I, § 4, cl. 1 and amend. XIV, § 1. "[I]t is always in the public interest to protect First Amendment liberties." *Joelner v. Village of Wash. Park, Ill.*, 378 F.3d 613, 620 (7th Cir. 2004) (quoting *Connection Distrib. Co. v. Reno*, 154 F.3d 281, 288 (6th Cir. 1998)); *see also G & V Lounge, Inc. v. Mich. Liquor Control Comm'n*, 23 F.3d 1071, 1079 (6th Cir. 1994); *Newsome v. Albemarle Cty. Sch. Bd.*, 354 F.3d 249, 261 (4th Cir. 2003) ("Surely, upholding constitutional rights serves the public interest.").

## CONCLUSION

For these reasons, this Court should grant Plaintiffs' request for a temporary restraining order and preliminary injunction.

Defendants should be enjoined from using the Agilis machine to verify the voters' signature and instead, be required to follow Nevada Law and have each mail ballot checked by the clerk or an employee of the clerk's office.

Defendants, and their officers, agents, employees, and any other person acting under their direction or control should be required to allow meaningful access to the ballot counting process.

DATED:  November 5, 2020               THE O'MARA LAW FIRM, P.C.

                                                       /s/ David C. O'Mara
                                          DAVID C. O'MARA, ESQ

311 East Liberty St.
Reno, Nevada 89501
775-323-1321
775-323-4082 (fax)
*Counsel for Plaintiff*