MARC E. ELIAS, ESQ. (D.C. Bar No. 442007)*
JOHN DEVANEY, ESQ. (D.C. Bar No. 375465)*
**Perkins Coie LLP**
700 Thirteenth Street NW, Suite 600
Washington, D.C. 20005-3960
Telephone: (202) 654-6200
MElias@perkinscoie.com
JDevaney@perkinscoie.com

ABHA KHANNA, ESQ. (Wash. Bar No. 42612)*
**PERKINS COIE LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Tel: (206) 359-8000
AKhanna@perkinscoie.com

BRADLEY SCHRAGER, ESQ. (SBN 10217)
DANIEL BRAVO, ESQ. (SBN 13078)
**WOLF, RIFKIN, SHAPIRO,
SCHULMAN & RABKIN, LLP**
3556 E. Russell Road, Second Floor
Las Vegas, Nevada 89120
Tel: (702) 341-5200
bschrager@wrslawyers.com
dbravo@wrslawyers.com

*Attorneys for Proposed Intervenors Democratic
National Committee and Nevada State
Democratic Party*

*Pro hac vice to be submitted

**UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA**

| | |
|---|---|
| JILL STOKKE, CHRIS PRUDHOME, MARCHANT FOR CONGRESS, RODIMER FOR CONGRESS,<br><br>        Plaintiffs,<br><br>    v.<br><br>BARBARA CEGAVSKE, in her official capacity as Nevada Secretary of State; Clark County Registrar of voters JOSEPH P. GLORIA, in his official capacity,<br><br>        Defendant,<br><br>_____ . | Case No.: 2:20-cv-02046-APG-DJA<br><br>**MOTION TO INTERVENE AS DEFENDANTS BY DNC AND NEVADA STATE DEMOCRATIC PARTY**<br><br>EXPEDITED CONSIDERATION REQUESTED |

For the fifth time since April, a conservative leaning entity or organ of the Republican Party has run to a Nevada state or federal court with entirely fabricated claims of voter fraud and vote dilution.[1] Each time, their claims have been unsuccessful. Indeed, *just four days ago*, in a nearly identical case, Judge Wilson from the District Court in Carson City found after an eight-hour evidentiary hearing that the same lawyers who filed this lawsuit had failed to offer evidence of "any fraudulent ballot being validated or any valid ballot invalidated" or any evidence of "debasement or dilution of a citizen's vote" because of Clark County's use of a signature match machine. Ex. B, Nov. 2, 2020 Order, *Kraus v. Cegavske*, No. 20-OC-00142-1B, Dept. 2, at 4, 13. Similarly, Judge Wilson found baseless Plaintiffs' claims that public observation of the process was being in any way unlawfully impeded. *Id.* at 10-11. Now, with nearly all of the votes in the state having already been counted, a group of plaintiffs backed by President Trump's campaign has filed a lawsuit requesting a remedy that would meaningfully slow Clark County's ballot processing just as its votes could swing the presidential election.[2] The Democratic National Committee ("DNC") and Nevada State Democratic Party ("NSDP," together, "Proposed Intervenors") plainly have a significantly protectable interest in this case.

For the first time in a general election, the vast majority of Nevadans cast their ballots by mail. This sea change in election administration, all done during a pandemic, has demanded

---

[1] *Donald J. Trump for President, Inc. v. Cegavske*, No. 220CV1445JCMVCF, 2020 WL 5626974, at *7 (D. Nev. Sept. 18, 2020) (dismissing lawsuit by Trump campaign challenging constitutionality of Assembly Bill 4 for lack of standing); *Paher v. Cegavske*, 457 F. Supp. 3d 919, 935 (D. Nev. 2020) (denying preliminary injunction challenging Secretary Cegavske's plan for the June primary brought by a conservative-leaning entities); Ex. C, Sep. 28, 2020 Order, *The Election Integrity Project of Nevada et. al v. State of Nevada et al.*, No. A-20-820510-C, Dept. 13 (denying preliminary injunction by conservative-leaning group challenging constitutionality of Assembly Bill 4).

[2] While the President's campaign is not a party to this lawsuit, several individuals closely associated with the Trump campaign came to Nevada and held a press conference on the morning of November 5 announcing their intention to file these claims in federal court by day's end. Kyle Wilcox & Matthew Seeman, *Trump Campaign alleges "illegal votes" in Nevada, provides no evidence*, NBC 3 News, Las Vegas, Nov. 5, 2020, https://news3lv.com/news/local/trump-campaign-las-vegas-press-conference-nevada-election.

significant adaptations from Nevada's county elections officials, including in Clark County, home to nearly 75% of the state's population. Two days after the election and after the canvass is well under way, two individual voters and two Republican congressional campaigns ("Plaintiffs") filed this lawsuit challenging Clark County's election procedures. Plaintiffs' claims are too late, rife with procedural deficiencies, and meritless.

Proposed Intervenors meet the applicable requirements for intervention as of right and permissive intervention under Rule 24 of the Federal Rules of Civil Procedure. The motion to intervene is timely, submitted the morning after the complaint was filed. An unknown number of Democratic voters could be disenfranchised (and affiliated candidates harmed) if Plaintiffs are able to delay Nevada's counting process and to challenge voters' signatures based on no apparent knowledge or understanding of the applicable signature challenge standards. While Proposed Intervenors share with the current Defendants an interest in the smooth and orderly administration of the election, Proposed Intervenors—as active participants in the election contests—have interests that the current Defendants do not adequately represent. As required by Federal Rule of Civil Procedure 24(c), this Motion is accompanied by a Proposed Answer, which is attached hereto as Exhibit A.

Counsel for Proposed Intervenors contacted the counsel for Defendants to ascertain their position on this motion, and both Defendants assent to intervention. As of the time of this filing, Plaintiffs' counsel has not provided their position to Proposed Intervenors' intervention. Proposed Intervenors also respectfully request that this Court enter an expedited briefing schedule on this Motion, or, in the alternative, consider it at an expedited hearing held remotely.

**ARGUMENT**

**I.      Proposed Intervenors satisfy Rule 24(a)'s requirements for intervention as a matter of right.**

Proposed Intervenors qualify for intervention as of right. Intervention as of right must be granted when (1) the motion to intervene is timely, (2) the Proposed Intervenors possess an "significantly protectable" interest in the subject matter of the action; (3) denial of the motion to

intervene would "impair or impede" the Proposed Intervenors' ability to protect their interests, and (4) the proposed intervenor's interests are not adequately represented by the existing parties to the lawsuit. *United States v. Aerojet Gen. Corp.*, 606 F.3d 1142, 1148 (9th Cir. 2010) (quoting *California ex rel. Lockyer v. United States*, 450 F.3d 436, 440 (9th Cir. 2006)). "Rule 24 traditionally receives liberal construction in favor of applicants for intervention." *Arakaki v. Cayetano*, 324 F.3d 1078, 1083 (9th Cir. 2003); *accord Venetian Casino Resort, LLC v. Enwave Las Vegas, LLC*, No. 2:19-CV-1197 JCM (DJA), 2020 WL 1539691, at *3 (D. Nev. Jan. 7, 2020) (noting intervention requirements "are broadly interpreted in favor of intervention") (quoting *Prete v. Bradbury*, 438 F.3d 949, 954 (9th Cir. 2006))); *see also W. Expl. LLC v. U.S. Dep't of Interior*, No. 3:15-cv-00491-MMD-VPC, 2016 WL 355122, at *2 (D. Nev. Jan. 28, 2016) (noting Rule 24's liberal construction and "focus[] on practical considerations rather than technical distinctions"). Proposed Intervenors satisfy each of the four requirements of Rule 24(a).

### A.   The motion is timely.

First, the motion is timely. This motion follows the morning after the Complaint was filed; Defendants have not yet made an appearance, and no substantive activity has taken place in the case. There has therefore been no delay, and no possible risk of prejudice to the other parties. *See League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1302 (9th Cir. 1997); *see also Nevada*, 2019 WL 718825, at *2 (granting motion to intervene filed several weeks after action commenced); *W. Expl.*, 2016 WL 355122, at *2 (granting motion to intervene filed nearly two months after action commenced).

### B.   Proposed Intervenors have a significant protectable interest in the outcome of the litigation.

Second, Proposed Intervenors have a significantly protectable interest in the outcome of this litigation. Proposed Intervenors are dedicated to supporting the election of Democratic candidates across Nevada. They seek to intervene as defendants in this matter to prevent Plaintiffs' requested intrusion on the ballot processing procedures and to protect the rights of their members and affiliated candidates across Nevada. Specifically, Plaintiffs' eleventh-hour

1    request to upend Clark County's procedures for counting and verifying mail ballots carries with

2    it the prospect of disenfranchising Proposed Intervenors' members who have submitted ballots

3    by mail. *See e.g.*, *Crawford v. Marion Cty. Election Bd.*, 553 U.S. 181, 189 n.7 (2008) (agreeing

4    with the unanimous view of the Seventh Circuit that the Indiana Democratic Party had standing

5    to challenge a voter identification law that risked disenfranchising its members). And the

6    threatened challenge to the verification of these ballots risks harming the electoral prospects of

7    Democratic candidates up and down the ballot. *See Owen v. Mulligan*, 640 F.2d 1130, 1132

8    (holding that "the potential loss of an election" inflicts injury on political party).

9

10           **C.    Denial of the motion to intervene will impair Proposed Intervenors' ability to protect their interests.**

11          Third, disposition "of the action may as a practical matter impair or impede" Proposed

12   Intervenors' ability to protect their interests. Fed. R. Civ. P. 24(a)(2). Where, as here, a proposed

13   intervenor has a protectable interest in the outcome of the litigation, courts generally have "little

14   difficulty concluding" that their interests will be impaired. *California ex rel. Lockyer v. United*

15   *States*, 450 F.3d 436, 442 (9th Cir. 2006); *see also Brody*, 957 F.2d at 1123 (noting that if the

16   intervenor "can show that they possess a legal interest in this action, then it naturally follows that

17   such an interest would be affected by this litigation").

18          There can be no doubt that disposition of this matter has the potential to impair the

19   Proposed Intervenors' ability to protect their interests. Courts have routinely concluded that

20   interference with a political party's electoral prospects constitutes a direct injury that satisfies

21   Article III standing, which goes beyond the requirement needed for intervention under Rule

22   24(a)(2) in this case. *See, e.g.*, *Owen*, 640 F.2d at 1132 (holding that "the potential loss of an

23   election" is sufficient injury to confer Article III standing). Indeed, Proposed Intervenors have

24   intervened in several voting cases this cycle on this very theory, including twice in this very

25   court. *See Donald J. Trump for President, Inc. v. Cegavske*, No. 220CV1445JCMVCF, 2020 WL

26   5229116, at *1 (D. Nev. Aug. 21, 2020) (granting intervention to DNC, DCCC, and NSDP in

27   suit brought by President Trump's campaign); *Paher v. Cegavske*, No. 3:20-cv-00243-MMD-

28

WGC, 2020 WL 2042365, at *2 (D. Nev. Apr. 28, 2020) (granting intervention as of right to DNC, DCCC, and NSDP where "Plaintiffs' success on their claims would disrupt the organizational intervenors' efforts to promote the franchise and ensure the election of Democratic Party candidates"); *Issa v. Newsom*, No. 2:20-cv-01044-MCE-CKD, 2020 WL 3074351, at *3 (E.D. Cal. June 10, 2020) (granting intervention of right to DCCC); *Republican Nat'l Comm. v. Newsom*, No. 2:20-cv-01055-MCE-CKD, slip op. at 5 (E.D. Cal. June 10, 2020), ECF No. 38 (same). There is no reason for the Court to depart from that precedent here. Accordingly, Proposed Intervenors satisfy the third requirements of Rule 24(a)(2).

**D.   Proposed Intervenors' interests are not adequately represented by Defendants.**

Fourth, Proposed Intervenors cannot rely on the parties in this case to adequately represent their interests. "Courts consider three factors when assessing whether a present party will adequately represent the interests of an applicant for intervention":

> (1) whether the interest of a present party is such that it will undoubtedly make all of a proposed intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether a proposed intervenor would offer any necessary elements to the proceeding that other parties would neglect.

*W. Expl.*, 2016 WL 355122, at *3 (quoting *Arakaki*, 324 F.3d at 1086). "[T]he requirement of inadequacy of representation is satisfied if the applicant shows that representation of its interests 'may be' inadequate," and therefore "the burden of making this showing is minimal." *Id.* (quoting *Sagebrush Rebellion, Inc. v. Watt*, 713 F.2d 525, 528 (9th Cir. 1983)).

Defendants' interest is defined solely by their statutory duties to conduct elections. But the Proposed Intervenors' interests are broader: they seek to ensure that as many of their affiliated voters can cast valid ballots as possible and have them counted without improper interference by Plaintiffs. Because their interests diverge, the Defendants—all election officials—cannot adequately represent the Proposed Intervenors' interests. *See Issa*, 2020 WL 3074351, at *3 ("While Defendants' arguments turn on their inherent authority as state executives and their responsibility to properly administer election laws, the [intervenor is]

concerned with ensuring their party members and the voters they represent have the opportunity to vote in the upcoming federal election, advancing their overall electoral prospects, and allocating their limited resources to inform voters about the election procedures."). Courts have "often concluded that governmental entities do not adequately represent the interests of aspiring intervenors," *Fund for Animals, Inc. v. Norton*, 322 F.3d 728, 736 (D.C. Cir. 2003); *accord Citizens for Balanced Use v. Mont. Wilderness Ass'n*, 647 F.3d 893, 899 (9th Cir. 2011); *Associated Gen. Contractors of Am. v. Cal. Dep't of Transp.*, No. 09-01622, 2009 WL 5206722, at *2–3 (E.D. Cal. Dec. 23, 2009) (granting intervention where defendant state agency's "main interest is ensuring safe public roads and highways" and agency "is not charged by law with advocating on behalf of minority business owners" as intervenors would), including specifically in cases regarding the right to vote, *see Paher*, 2020 WL 2042365, at *3 (granting intervention as of right where Proposed Intervenors "may present arguments about the need to safeguard Nevada[ns'] right to vote that are distinct from [state defendants'] arguments").

Accordingly, Proposed Intervenors have satisfied the four requirements for intervention as of right under Rule 24(a)(2). *See Paher*, 2020 WL 2042365, at *3 (granting DNC, DCCC, and NSDP intervention as of right in challenge to Nevada's June Primary Plan).

## II.   Alternatively, Proposed Intervenors satisfy Rule 24(b)'s requirements for permissive intervention.

Even if this Court were to find Proposed Intervenors ineligible for intervention as of right, they readily satisfy the requirements for permissive intervention under Rule 24(b), which provides the Court with broad discretion "to allow anyone to intervene who submits a timely motion and 'has a claim or defense that shares with the main action a common question of law or fact.'" *Nevada*, 2019 WL 718825, at *2 (quoting Fed. R. Civ. P. 24(b)(1)(B)).[3] "Because a court

---

[3] Although permissive intervention also generally requires that "the court has an independent basis for jurisdiction," that finding "is unnecessary where, as here, in a federal question case the proposed intervener raises no new claims." *Nevada*, 2019 WL 718825, at *2 (quoting *Donnelly v. Glickman*, 159 F.3d 405, 412 (9th Cir. 1998)).

1    has discretion in deciding whether to permit intervention, it should consider whether intervention

2    will cause undue delay or prejudice to the original parties, whether the applicant's interests are

3    adequately represented by the existing parties, and whether judicial economy favors

4    intervention." *Id.* (citing *Venegas v. Skaggs*, 867 F.2d 527, 530–31 (9th Cir. 1989)).

5            For the reasons discussed in Part I *supra*, Proposed Intervenors' motion is timely, and

6    they cannot rely on the Defendants to adequately protect their interests. Proposed Intervenors

7    also have defenses to Plaintiffs' claims that share common questions of law and fact—for

8    example, whether Plaintiffs have stated valid claims for relief.

9            Significantly, intervention will result in neither prejudice nor undue delay. Proposed

10   Intervenors have an undeniable interest in a swift resolution of this action to ensure that Nevada

11   can continue its routine ballot verification and tabulation processes without undue interference.

12   Indeed, Proposed Intervenors contend that *this action itself* threatens to cause harmful delays that

13   could stymie Nevada's efforts to tabulate mail ballots. Given the legal and factual shortcomings

14   of Plaintiffs' claims, Proposed Intervenors are confident that their intervention in this case will

15   result in expeditious resolution of this litigation.

16   / / /

17   / / /

18   / / /

19   / / /

20   / / /

21   / / /

22   / / /

23   / / /

24   / / /

25   / / /

26   / / /

27   / / /

28

**CONCLUSION**

For the reasons stated above, Proposed Intervenors respectfully request that the Court grant their motion to intervene as a matter of right under Rule 24(a)(2) or, in the alternative, permit them to intervene under Rule 24(b).

DATED this 6th day of November, 2020.

WOLF, RIFKIN, SHAPIRO,
SCHULMAN & RABKIN, LLP

By:      */s/ Bradley S. Schrager*
Bradley S. Schrager, Esq., SBN 10217
Daniel Bravo, Esq., SBN 13078
3556 E. Russell Road, Second Floor
Las Vegas, Nevada 89120

Marc E. Elias*
John Devaney*
**Perkins Coie LLP**
700 Thirteenth Street NW, Suite 600
Washington, D.C. 20005-3960
Telephone:  (202) 654-6200
Facsimile:  (202) 654-6211
MElias@perkinscoie.com
JDevaney@perkinscoie.com

Abha Khanna*
**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Tel: (206) 359-8000
AKhanna@perkinscoie.com

*Attorneys for DNC and Nevada State Democratic Party*

**Pro hac vice applications forthcoming*

9

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 6th of November, 2020 a true and correct copy of **MOTION TO INTERVENE AS DEFENDANTS BY DNC AND NEVADA STATE DEMOCRATIC PARTY** was served via the United States District Court's CM/ECF system on all parties or persons requiring notice.

By:   */s/ Dannielle Fresquez*
Dannielle Fresquez, an Employee of
WOLF, RIFKIN, SHAPIRO, SCHULMAN &
RABKIN, LLP