# EXHIBIT B

Order Denying Emergency Petition

# EXHIBIT B

REC'D & FILED

2020 OCT 29  PH 5: 44

AUDREY ROWLATT
CLERK

BY_____
DEPUTY

# IN THE FIRST JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA
## IN AND FOR CARSON CITY

-oOo-

| | |
|---|---|
| **FRED KRAUS, an individual registered to vote in Clark County, Nevada, DONALD J. TRUMP FOR PRESIDENT, INC., and the NEVADA REPUBLICAN PARTY,** | CASE NO. 20 OC 00143 1B |
| | DEPT.    2 |
| **Petitioners,** | |
| **vs.** | |
| **BARBARA CEGAVSKE, in her official capacity as Nevada Secretary of State, JOSEPH P. GLORIA, in his official capacity as Registrar of Voters for Clark County, Nevada,** | |
| **Respondents.** | |

## ORDER DENING EMERGENCY PETITION FOR WRIT OF MANDAMUS, OR IN THE ALTERNATIVE, WRIT OF PROHIBITION

### PROCEDURAL BACKGROUND

Before the Court is the Emergency Petition for Writ of Mandamus, or in the Alternative, Writ of Prohibition. The Court held an evidentiary hearing on October 28, 2020.

**ISSUES**

Do Petitioners have standing to bring these claims?

Has Registrar Joseph P. Gloria failed to meet his statutory duty under NRS 293B.353(1) to allow members of the general public to observe the counting of ballots?

Has Registrar Gloria unlawfully precluded Petitioners from the use and enjoyment of a right to which Petitioners are entitled?

Has Registrar Gloria exercised discretion arbitrarily or through mere caprice?

Has Registrar Gloria acted without or in excess of authorized powers?

Has Secretary of State Barbara Cegavske failed to meet any statutory duty under NRS 293B.353(1) to allow members of the general public to observe the counting of ballots?

Has Secretary of State Barbara Cegavske unlawfully precluded Petitioners from the use and enjoyment of a right to which Petitioners are entitled?

Has Secretary Cegavske exercised discretion arbitrarily or through mere caprice?

Has Secretary Cegavske acted without or in excess of authorized powers?

Has Secretary of State Cegavske unlawfully precluded Petitioners the use and/or enjoyment of a right to which Petitioners are entitled?

Have Petitioners proved they are entitled to a writ of mandamus on their equal protection claims?

**FACTS**

It is important to note the factual context in which this case arose. All of the states in the United States are attempting to hold elections under the health, political, social, and economic consequences of the COVID-19 pandemic. Nevada's state and county election officials had relatively little time to assess, plan, modify, and implement procedures that are quite different from the established election procedures in an effort

2

to provide safe, open elections that would not result in long waiting lines. The modification of procedures includes fewer polling places, a very large increase in mail-in voting, and long lines as a result of social distancing.

A second important context is that this lawsuit was filed October 23, 2020–11 days before the general election.

Every Nevada county is required to submit to the Secretary of State, by April 15, 2020, the county's plan for accommodation of members of the general public who observe the processing of ballots. NRS 293B.354(1). Registrar Gloria did not submit a plan by April 15, 2020.

Registrar Gloria submitted a plan to the Secretary of State on October 20, 2020. A copy of the plan is attached as Exhibit 1.

Historically, the Secretary of State has not sent letters or other notification to the counties approving the counties' plans.

The Secretary of State's office reviewed Registrar Gloria's plan, concluded it complied with the law, and Secretary Cegavske issued a letter to Registrar Gloria on October 22, 2020. The letter is attached as Exhibit 2. The Secretary did not write that Registrar Gloria's plan was "approved," but it is clear from the letter that the plan was approved with a suggestion to that the Registrar consider providing additional seating in public viewing areas for observers to view the signature verification process to the extent feasible while ensuring that no personally identifiable information is observable by the public.

A copy of all 17 county plans were admitted as exhibits. Clark County's plan is not substantially different from the plan of any of the other 16 counties, and none of the plans is substantially different from the plans of previous years.

Clark County uses an electronic ballot sorting system, Agilis. No other Nevada county uses Agilis. Some major metropolitan areas including Cook County, Illinois, Salt

3

Lake City, Utah, and Houston, Texas use Agilis. Some Nevada counties use other brands of ballot sorting systems.

Registrar Gloria decided to purchase Agilis because of the pandemic and the need to more efficiently process ballot signatures.

One of Petitioners' attorneys questioned Registrar Gloria about Agilis in earlier case, Corona v. Cegavske, but never asked Registrar Gloria to stop using Agilis.

Clark County election staff tested Agilis by manually matching signatures. Clark County election staff receives yearly training on signature matching from the Federal Bureau of Investigation. The last training was in August of this year.

For this general election Clark County is using the same they used for the June primary election. No evidence was presented that the setting used by Clark County causes or has resulted in any fraudulent ballot being validated or any valid ballot invalidated.

No evidence was presented of any Agilis errors or inaccuracies. No evidence was presented that there is any indication of any error in Clark County's Agilis signature match rate.

Registrar Gloria opined that if Clark County could not continue using Agilis the county could not meet the canvass deadline which is November 15, 2020. The Court finds that if Clark County is not allowed to continue using Agilis the county will not meet the canvass deadline.

When the envelope containing mail-in ballots are opened the ballot and envelope are separated and not kept in sequential order. Because they are not kept in sequential order it would be difficult to identify a voter by matching a ballot with its envelope.

This is the first election in Registrar Gloria's 28 years of election experience in Clark County that there are large numbers of persons wanting to observe the ballot process.

4

Persons that observe the ballot process sign an acknowledgment and a memo containing instructions to the observer. A copy of an acknowledgment and memo are attached as Exhibit 3.

People hired by the Registrar to manage the people wanting to observe the ballot process are called ambassadors. The observer acknowledgment states observers are prohibited from talking to staff. The memo explains the role of ambassadors and invites observers to inform their ambassador they have a question for election officials or the observer may pose a question directly to an election official.

Registrar Gloria is not aware of any observer complaints.

Several witnesses supporting Petitioners and called by Petitioners testified: they saw ballots that had been removed from the envelope left alone; runners handle ballots in different ways, including taking the ballots into an office, taking ballots into "the vault" and/or otherwise failing to follow procedure, but no procedure was identified; inability to see some tables from the observation area; inability to see into some rooms; inability to see all election staff monitors; inability to see names on monitors; saw a signatures she thought did not match but admitted she had no signature comparison training; and/or trouble getting to where they were supposed to go to observe and trouble being admitted to act as observer at the scheduled time.

No evidence was presented that any party or witness wanted to challenge a vote or voter, or had his or her vote challenged.

No evidence was presented that there was an error in matching a ballot signature, that any election staff did anything that adversely affected a valid ballot or failed to take appropriate action on an invalid ballot.

No evidence was presented that any election staff were biased or prejudiced for or against any party or candidate.

1   One Petitioner witness did not raise issues regarding things she observed with an

2   ambassador but instead went to the Trump Campaign. No issue was ever raised as a

3   result of her observations or report to the Trump Campaign.

4   Washoe County is using cameras to photograph or videotape the ballot process.

5   No Nevada county hand-counts ballots.

6

7   **LEGAL PRINCIPLES**

8

9   **Standing**

10   Nevada law requires an actual justiciable controversy as a predicate to judicial

11   relief. *Doe v. Bryan*, 102 Nev. 523, 525, 728 P.2d 443, 444 (1986). For a controversy to

12   exist the petitioner must have suffered a personal injury and not merely a general

13   interest that is common to all members of the public. *Schwarz v. Lopez*, 132 Nev. 732,

14   743, 382 P.3d 886, 894 (2016).

15

16   **Mandamus and Prohibition**

17   A court may issue a writ of mandamus "to compel the performance of an act

18   which the law especially enjoins as a duty resulting from an office . . . ; or to compel the

19   admission of a party to the use and enjoyment of a right or office to which the party is

20   entitled and from which the party is unlawfully precluded by such . . . person." NRS

21   34.160. A court may issue a writ of mandamus "when the respondent has a clear,

22   present legal duty to act." *Round Hill Gen. Imp. Dist. v. Newman*, 97 Nev. 601, 603, 637

23   P.2d 534 (1981). The flip side of that proposition is that a court cannot mandate a

24   person take action if the person has no clear, present legal duty to act. Generally,

25   mandamus will lie to enforce ministerial acts or duties and to require the exercise of

26   discretion, but it will not serve to control the discretion." *Gragson v. Toco*, 90 Nev. 131,

27

133 (1974). There is an exception to the general rule: when discretion "is exercised arbitrarily or through mere caprice." *Id.*

"Petitioners carry the burden of demonstrating that extraordinary relief is warranted." *Pan v. Dist. Ct.*, 120 Nev. 222, 228 (2004).

The writ of prohibition is the counterpart of the writ of mandate. It arrests the proceedings of any tribunal . . . or person exercising judicial functions, when such proceedings are without or in excess of the jurisdiction of such tribunal . . . or person. NRS 34.320.

A writ of prohibition "may be issued . . . to a person, in all cases where there is not a plain, speedy and adequate remedy in the ordinary course of law." NRS 34.330.

**Voting Statutes**

NRS 293B.353 provides in relevant part:

1. The county . . . shall allow members of the general public to observe the counting of the ballots at the central counting place if those members do not interfere with the counting of the ballots.

2. The county . . . may photograph or record or cause to be photographed or recorded on audiotape or any other means of sound or video reproduction the counting of the ballots at the central counting place.

3. A registered voter may submit a written request to the county . . . clerk for any photograph or recording of the counting of the ballots prepared pursuant to subsection 2. The county . . . clerk shall, upon receipt of the request, provide the photograph or recording to the registered voter at no charge.

NRS 293B.354 provides in relevant part:

1. The county clerk shall, not later than April 15 of each year in which a general election is held, submit to the Secretary of State for approval a written plan for the accommodation of members of the general public who observe the delivery, counting, handling and processing of ballots at a polling place, receiving center or central counting place.

. . .

3. Each plan must include:

(a) The location of the central counting place and of each polling place and receiving center;

(b) A procedure for the establishment of areas within each polling place and receiving center and the central counting place from which members of the general public may observe the activities set forth in subsections 1 and 2;

(c) The requirements concerning the conduct of the members of the general public who observe the activities set forth in subsections 1 and 2; and

(d) Any other provisions relating to the accommodation of members of the general public who observe the activities set forth in subsections 1 and 2 which the county . . . considers appropriate.

AB 4 section 22 provides in relevant part:

1. For any affected election, the county . . . clerk, shall establish procedures for the processing and counting of mail ballots.

2.     The procedures established pursuant to subsection 1:

(a) May authorize mail ballots to be processed and counted by el electronic means; and

(b) Must not conflict with the provisions of sections 2 to 27, I innclusive, of this act.

AB 4 section 23 provides in relevant part:

1.     . . . for any affected election, when a mail ballot is returned by or on behalf of a voter to the county . . . clerk . . . and a record of its return is made in the mail ballot record for the election, the clerk or an employee in the office of the clerk shall check the signature used for the mail ballot in accordance with the following procedure:

a. The clerk or employee shall check the signature used for the mail ballot against all signatures of the voter available in the records of the clerk.

AB 4 section 25 provides in relevant part:

1.  The counting procedures must be public.

## ANALYSIS

**Petitioners failed to prove they have standing to bring their Agilis, observation, ballot handling or secrecy claims.**

As set forth above for a justiciable controversy to exist the petitioner must have suffered a personal injury and not merely a general interest that is common to all members of the public. Petitioners provided no evidence of any injury, direct or indirect, to themselves or any other person or organization. The evidence produced by Petitioners shows concern over certain things these observers observed. There is no evidence that any vote that should lawfully be counted has or will not be counted. There is no evidence that any vote that should lawfully not be counted has been or will be counted. There is no evidence that any election worker did anything outside of the law, policy, or procedures. Petitioners do not have standing to maintain their mandamus claims.

Likewise, Petitioners provided no evidence of a personal injury and not merely a general interest that is common to all members of the public regarding the differences between the in-person and mail-in procedures. Petitioners provided no evidence of any injury, direct or indirect, to themselves or any other person or organization as a result of the different procedures. All Nevada voters have the right to choose to vote in-person or by mail-in. Voting in person and voting by mailing in the ballot are different and so the procedures differ. There is no evidence that anything the State or Clark County have done or not done creates two different classes of voters. There is no evidence that anything the State or Clark County has done values one voter's vote over another's.

There is no evidence of any debasement or dilution of any citizen's vote. Petitioners do not have standing to bring their equal protection claims.

**Petitioners failed to prove Registrar Gloria failed to meet his statutory duty under NRS 293B.353(1) to allow members of the general public to observe the counting of ballots?**

Petitioners argued they have a right to observers having meaningful observation under NRS 293B.353(1) and AB 4 sec. 25. NRS 293B.353(1) provides in relevant part, "[t]he county . . . shall allow members of the general public to observe the counting of the ballots . . . ." AB 4 sec. 25 provides in relevant part "[t]he counting procedure must be public." The statutes do not use the modifier "meaningful."

The Nevada Legislature codified the right of the public to observe the ballot counting procedure in NRS 293B.353 and 293B.354, and AB 4 section 25(1). NRS 293B.354(1) requires each county to annually submit a plan to the Secretary of State. NRS 293B. 354(3) states the requirements of the plan. The statutory requirements of the plan are very general. The legislature left to the election professionals, the Secretary of State and the county elections officials, wide discretion in establishing the specifics of the plan. Petitioners failed to prove either Secretary Cegavske or Registrar Gloria exercised their discretion arbitrarily or through mere caprice.

The fact that Registrar failed to timely submit a plan was remedied by submitting the plan late and the Secretary of State approving the plan.

Petitioners seem to request unlimited access to all areas of the ballot counting area and observation of all information involved in the ballot counting process so they

can verify the validity of the ballot, creating in effect a second tier of ballot counters and/or concurrent auditors of the ballot counting election workers. Petitioners failed to cite any constitutional provision, statue, rule, or case that supports such a request. The above-cited statutes created observers not counters, validators, or auditors. Allowing such access creates a host of problems. Ballots and verification tools contain confidential voter information that observers have not right to know. Creating a second tier of counters, validators, or auditors would slow a process the Petitioners failed to prove is flawed. The request if granted would result in an increase in the number of persons in the ballot processing areas at a time when social distancing is so important because of the COVID-19 pandemic.

Petitioners have failed to prove Registrar Gloria has interfered with any right they or anyone else has as an observer.

Petitioners claim a right to have mail-in ballots and the envelopes the ballots are mailed in to be kept in sequential order. Petitioners failed to cite Constitutional provision, statute, rule, or case that creates a duty for Nevada registrars to keep ballots and envelopes in sequential order. Because they failed to show a duty they cannot prevail on a mandamus claim that requires proof a duty resulting from office. Because there is no duty or right to sequential stacking the Court cannot mandate Registrar Gloria to stack ballots and envelopes sequentially.

Because there is not right to sequential stacking the Court cannot mandate the use and enjoyment of that "right."

Plaintiffs want the Court to mandate Registrar Gloria allow Petitioners to photograph of videotape the ballot counting process. The legislature provided in NRS

11

293B.353(2) the procedure for photographing or videotaping the counting of ballots. The county may photograph or videotape the counting and upon request provide a copy of the photographs or videotapes.

Petitioners failed to cite any constitutional provision, statute, rule, or case that gives the public the right to photograph or videotape ballot counting.

Petitioners failed to prove Secretary Cegavske or Registrar Gloria exercised her or his discretion arbitrarily or through mere caprice in any manner. Therefore, the Court cannot mandate Registrar Gloria to require sequential stacking of ballots and envelopes.

Petitioners requested the Court mandate Registrar Gloria provide additional precautions to ensure the secrecy of ballots. Petitioners failed to prove that the secrecy of any ballot was violated by anyone at any time. Petitioners failed to prove that the procedures in place are inadequate to protect the secrecy of every ballot.

Petitioners also request the Court mandate Registrar Gloria stop using the Agilis system. Petitioners failed to show any error or flaw in the Agilis results or any other reason for such a mandate. Petitioners failed to show the use of Agilis caused or resulted in any harm to any party, any voter, or any other person or organization. Petitioners failed Registrar Gloria has a duty to stop using Agilis.

AB 4 passed by the legislature in August 2020 specifically authorized county officials to process and count ballots by electronic means. AB 4, Sec. 22(2)(a). Petitioners' argument that AB 4, Sec. 23(a) requires a clerk or employee check the signature on a returned ballot means the check can only be done manually is meritless. The ballot must certainly be checked but the statute does not prohibit the use of electronic means to check the signature.

**Equal Protection**

There is no evidence that in-person voters are treated differently than mail-in voters. All Nevada voters have the right to choose to vote in-person or by mail-in. Voting in person and voting by mailing in the ballot are different and so the procedures differ. Nothing the State or Clark County have done creates two different classes of voters. Nothing the State or Clark County has done values one voter's vote over another's. There is no evidence of debasement or dilution of a citizen's vote.

## CONCLUSIONS OF LAW

Petitioners do not have standing to bring these claims.

Registrar Joseph P. Gloria has not failed to meet his statutory duty under NRS 293B.353(1) to allow members of the general public to observe the counting of ballots.

Registrar Gloria has not precluded Petitioners from the use and enjoyment of a right to which Petitioners are entitled.

Registrar Gloria has not exercised discretion arbitrarily or through mere caprice.

Registrar Gloria has not acted without or in excess of authorized powers.

Secretary of State Barbara Cegavske has not failed to meet any statutory duty under NRS 293B.353(1) to allow members of the general public to observe the counting of ballots.

Secretary of State Barbara Cegavske has not unlawfully precluded Petitioners from the use and enjoyment of a right to which Petitioners are entitled.

Secretary Cegavske has not exercised discretion arbitrarily or through mere caprice.

Secretary Cegavske has not acted without or in excess of authorized powers.

Secretary of State Cegavske has not precluded Petitioners the use and/or enjoyment of a right to which Petitioners are entitled.

Petitioners failed to prove they are entitled to a writ of mandamus on any of their claims.

## ORDER

The Petition for Writ of Mandamus or in the Alternative for Writ of Prohibition is denied.

October 29, 2020.

James E. Wilson, Jr.
District Judge

14

1

## **CERTIFICATE OF SERVICE**

2          I certify that I am an employee of the First Judicial District Court of Nevada; that

3    on the ___2___ day of November 2020, I served a copy of this document by placing a true

4    copy in an envelope addressed to:

| | |
|---|---|
| Brian R. Hardy, Esq.<br>10001 Park Run Drive<br>Las Vegas, NV 89145<br>bhardy@maclaw.com | David O'Mara, Esq.<br>311 E. Liberty Street<br>Reno, NV 89501<br>david@omaralaw.net |
| MaryAnn Miller<br>Office of the District Attorney<br>Civil Division<br>500 S. Grand Central Parkway<br>Las Vegas, NV 89106<br>Mary-Anne.Miller@clarkcountyda.com | Bradley Schrager, Esq.<br>3556 E. Russell Road<br>Second Floor<br>Las Vegas, NV 89120<br>Bschrager@wrs.awyers.com |
| Daniel Bravo, Esq.<br>3556 E. Russell Road<br>Second Floor<br>Las Vegas, NV 89120<br>dbravo@wrslawyers.com | Gregory L. Zunino, Esq.<br>Office of the Attorney General<br>100 North Carson Street<br>Carson City, NV 89701<br>Gzunino@ag.nv.gov |

16   the envelope sealed and then deposited in the Court's central mailing basket in the court

17   clerk's office for delivery to the USPS at 1111 South Roop Street, Carson City, Nevada, for

18   mailing.

19

20

21                                                                    _Billie Shadron_

22                                                                    Billie Shadron
                                                                       Judicial Assistant

23

24

25

26

27



# Election Department

965 Trade Dr • Ste A • North Las Vegas NV  89030
Voter Registration (702) 455-8683  •  Fax (702) 455-2793

Joseph Paul Gloria, Registrar of Voters
Lorena Portillo, Assistant Registrar of Voters

October  20, 2020

The Honorable Barbara K. Cegavske
Secretary of State
State of Nevada
101 N. Carson St., Suite 3
Carson City, Nevada  89701-4786

Attention:      Wayne Thorley
                Deputy Secretary of State for Elections

RE: Accommodation of Members of the General Public at Polling Places, Mail Ballot
Processing, and at the Central Counting Place

Dear Secretary Cegavske:

In accordance with NRS 293B.354, I am forwarding to you the following guidelines
which are provided to our polling place team leaders and our election staff to ensure we
accommodate members of the general public who wish to observe activities within a
polling place and/or at the central counting facilities.

## **Polling Places (Early Voting and Election Day)**

Designated public viewing areas are established in each polling place, both early voting
and Election Day vote centers, where individuals may quietly sit or stand and observe the
activities within the polling place.

Observation guidelines:
- Observers may not wear or display political campaign items
- Observers may not photograph, or record by any other means, any activity at any
  early voting or Election Day polling place
- Use of cell phones is prohibited in the polling place
- Observers may not disrupt the voting process
- If observers have questions, they must direct them to the polling place team leader

BOARD OF COUNTY COMMISSIONERS
MARILYN KIRKPATRICK, Chair  •  LAWRENCE WEEKLY, Vice Chair
LARRY BROWN  •  JAMES B. GIBSON  •  JUSTIN C. JONES  •  MICHAEL NAFT  •  TICK SEGERBLOM
YOLANDA T. KING, County Manager

Page 2
Secretary of State Barbara K. Cegavske
March 14, 2018

## Mail Ballot Processing (Warehouse & Flamingo-Greystone Facility)

The general public is allowed, according to the NRS, to observe the counting of mail ballots. In addition, as a courtesy, members of the general public are also being allowed to observe our mail ballot processing procedures, which occur prior to tabulation.

Due to space limitations we are processing our mail ballots in two different facilities:

- 965 Trade Dr., North Las Vegas, NV 89030
    - AGILIS mail ballot processing
    - Signature audit team
    - Tabulation
        - Ballot duplication
- 2030 E. Flamingo Road, Las Vegas, NV 89119
    - Counting Board
        - Ballot duplication

Observation guidelines:
- Observers may not wear or display political campaign items
- Observers may not photograph, or record by any other means, any activity at any early voting or Election Day polling place
- Use of cell phones is prohibited in the polling place
- Observers may not disrupt the voting process
- If observers have questions, they must direct them to the polling place team leader

## Election Night (Warehouse Tabulating)

In front of our tabulation area an area is provided for any observer who wishes to observe our counting activity. Reports are provided after each update to the general public and are also available on our website for review. The general public may access the website through our free county wi-fi access on their personal devices should they choose to do so.

The public viewing area allows the general public to view the tabulation room, where the processing of election night results may be observed through windows that provide full view of all counting activity. Observers are not allowed inside the room because of congestion and COVID restrictions.

The Registrar is available to answer questions, although it should be noted that very few

Page 3
Secretary of State Barbara K. Cegavske
March 14, 2018

individuals from the public have been at the Election Center Warehouse on election night
since 2000. This will probably be different this year due to increased interest in observing
our activities.

In accordance with NRS 293B.354, at link provided here is a link to the vote center
polling places that will be used in the General Election on November 3, 2020 in Clark
County.  https://cms8.revize.com/revize/clarknv/Election%20Department/VC-Web-
20G.pdf?t=1602940110601&t=1602940110601.  An electronic copy is also attached to
the e-mail.

Sincerely,

Joseph P. Gloria
Registrar of Voters

Enclosures



# OBSERVATION OF POLLING PLACE OR CLARK COUNTY ELECTION DEPARTMENT LOCATIONS ACKNOWLEDGEMENT

In accordance with NAC 293.245 (full text included in page 2):

I, _VIRGINIA STEWART_, by signing this form, hereby acknowledge that during the time I observe the conduct of voting or of any election related process, I am prohibited from the following activities:

1. Talking to voters or staff within the polling place or Election Department location;
2. Using any technical devices within the polling place or Election Department location;
3. Advocating for or against a candidate, political party or ballot question;
4. Arguing for or against or challenging any decisions of the county or city election personnel and;
5. Interfering with the conduct of voting or any election related process.

I further acknowledge that I may be removed from the polling place by the county or city clerk for violating any provisions of Title 24 of the Nevada Revised Statutes or any of the restrictions described herein.

Representing Group/Organization:

_Republican Party_

Contact Information:

_619 456 8405_

Signature: _[signature]_

Print Name: _VIRGINIA STEWART_

Date: _10/27/20_

Polling Place or Election Department Location:

_TRADG_

October 21, 2020

Memo to Election Observers in the Greystone or County Election Department buildings:


Thank you for choosing to observe our voting process.

The department brought in additional staff to provide adequate supervision and security for observation areas. These staff, whom we call ambassadors, will accompany you while you are in our facilities.

Our ambassadors are not permanent Election Department employees and receive no training in our election processes, and so they are not able to accurately answer your questions about elections.

If you have any questions about the processes you are observing or other election-related questions, please inform the ambassador that you have a question for County Election Department officials. (The ambassador will create a list of questions from observers to relay to Election officials.) Or, you may choose to wait and pose their question to the Election official directly.

At this time, we plan to make Election Department officials available to observers around 9 a.m. and 3 p.m. daily to respond to any questions or concerns. These meetings will occur at both the Greystone and Election Department buildings

Thank you for our understanding.

Sincerely,



Joe Gloria

Clark County Registrar of Voters

**BARBARA K. CEGAVSKE**
*Secretary of State*

**STATE OF NEVADA**

**SCOTT W. ANDERSON**
*Chief Deputy Secretary of State*

**MARK A. WLASCHIN**
*Deputy Secretary for Elections*



**OFFICE OF THE
SECRETARY OF STATE**

October 22, 2020

Mr. Joe Gloria, Registrar of Voters
965 Trade Drive, Suite A
North Las Vegas, NV 89030-7802
jpg@ClarkCountyNV.gov
**via Email**

**Re: Revision of Observation Plan**

Mr. Gloria,

Over the last few days, a potential opportunity for improvement to your elections process observation plan have come to light that the Secretary of State believes to be worth considering. We have received Clark County's plan for accommodating election observers.  In addition to the items detailed in your plan, we would request that you consider implementing the following:

> Provide additional seating in the public viewing area for observing the signature verification process to the extent feasible while ensuring that no Personally Identifiable Information (PII) is observable to the public. This increase in seating should ensure meaningful observation.

If you have any questions regarding this letter and my determination in this matter, please contact me at (775) 684-5709.

Respectfully,

Barbara K. Cegavske
Secretary of State

NEVADA STATE CAPITOL
101 N. Carson Street, Suite 3
Carson City, Nevada 89701-3714

MEYERS ANNEX
COMMERCIAL RECORDINGS
202 N. Carson Street
Carson City, Nevada 89701-4201

LAS VEGAS OFFICE
2250 Las Vegas Blvd North, Suite 400
North Las Vegas, Nevada 89030-5873

nvsos.gov