1   AARON D. FORD
      Attorney General
2   GREGORY L. ZUNINO, Bar No. 4805
      Deputy Solicitor General
3   CRAIG A. NEWBY, Bar No. 8591
    State of Nevada
4   100 N. Carson Street
    Carson City, Nevada 89701-4717
5   (775) 684-1237
    glzunino@ag.nv.gov
6   cnewby@ag.nv.gov

7   *Attorneys for Barbara Cegavske*

8                 **UNITED STATES DISTRICT COURT**
                      **DISTRICT OF NEVADA**
9

10  JILL STOKKE, an individual, CHRIS          Case No.  2:20-cv-02046-DJA
    PRUDHOME, an individual, MARCHANT
11  FOR CONGRESS, RODIMER FOR                  **DECLARATION OF GREGORY L.**
    CONGRESS,                                  **ZUNINO IN SUPPORT OF**
12                                             **OPPOSITION TO PLAINTIFFS'**
                        Plaintiffs,            **EMERGENCY MOTION FOR**
13                                             **TEMPORARY RESTRAINING ORDER**
    vs.                                        **AND PRELIMINARY INJUNCTION**
14
    SECRETARY OF STATE BARBARA
15  CEGAVSKE, in her official capacity, and
    CLARK COUNTY REGISTRAR OF
16  VOTERS JOSEPH P. GLORIA, in his
    official capacity,
17
                        Defendants.
18

19

20

21

22

23

24

25

26

27

28

I, GREGORY L. ZUNINO, declare as follows:

I am an attorney, duly licensed in the state of Nevada, currently employed by the Nevada Office of the Attorney General.  My title is Deputy Solicitor General, and my responsibility, among other things, is to represent the Nevada Secretary of State in litigation.

I have personal knowledge of, and involvement in a case currently pending before the Nevada Supreme Court that I believe to be relevant to the disposition of the above-captioned matter.   That case is *Kraus v. Cegavske*, No. 82018.  *Kraus* is an appeal from a decision of the First Judicial District Court dated October 29, 2020. I am an attorney of record in *Kraus*, representing the Nevada Secretary of State.

Here, the attorney for the plaintiffs is David O'Mara.  Mr. O'Mara also represents one or more of the appellants in *Kraus*.  In addition to Fred Kraus, Donald J. Trump for President, Inc. (Trump campaign), and the Nevada Republican Party are the appellants in *Kraus* (collectively *Kraus* appellants).

As noted above, *Kraus* is an appeal to the Nevada Supreme Court from a decision of the First Judicial District Court of the State of Nevada.  Issued by Judge James Wilson, Exhibit 1 hereto is a true and correct copy of the order that is under review in *Kraus*.

In *Kraus*, one of the many issues addressed by the trial court pertains to the use by the Clark County Registrar of a machine that authenticates the signatures on ballot envelopes. The use of that machine, known as Agilis, is also the subject of this lawsuit.

After a day-long evidentiary hearing in *Kraus*, Judge Wilson rejected claims that Agilis is defective. The testimony at hearing demonstrated that Agilis is highly reliable and only authenticates the most precise signature matches using artificial intelligence.

According to testimony, Agilis authenticates approximately 30% of all signatures, leaving 70% of signatures to be evaluated by election workers trained in handwriting analysis.  Given the high reliability of Agilis, Judge Wilson rejected the argument that Agilis dilutes honest votes in violation of the Equal Protection Clause. Accordingly, it has

1   already been determined by a court of competent jurisdiction that Agilis is a lawful
2   method of authenticating signatures under Nevada law, as well as federal law.

3   On November 3, 2020, the Nevada Supreme Court denied the *Kraus* appellants'
4   request for an emergency stay of Judge Wilson's order.  Exhibit 2 is a true and correct
5   copy of the decision denying the *Kraus* appellants' request for an emergency stay.

6   On November 5, 2020, the *Kraus* appellants represented to the Nevada Supreme
7   Court that they had reached a settlement of all claims, including the dispute over Agilis.
8   Exhibit 3 is a true and correct copy of the pleading wherein they made such
9   representation.  The purported settlement did not involve a condition requiring the Clark
10  County Registrar to stop using Agilis to count votes.

11  On November 5, 2020, at approximately 8:30 am, the Trump campaign held a press
12  conference to announce a federal lawsuit to stop the counting of ballots in Clark County.
13  The press conference was broadcast by various media outlets.  I watched the press
14  conference and saw several persons whom I know either personally or through media
15  coverage.  Plaintiffs Stokke and Prudhome participated in the press conference, and
16  plaintiff Marchant stood in view of the cameras.  Plaintiff Rodimer's campaign aide also
17  stood in view of the cameras.

18  Plaintiffs' association with the Trump campaign, along with the common legal
19  representation by Mr. O'Mara, suggests that there is a strong connection between this
20  case and the *Kraus* case.  Assuming such a connection, it appears that Plaintiffs may
21  have coordinated with the Kraus appellants to knowingly undermine a potential
22  settlement agreement in *Kraus*.  This implicates principles of claim preclusion and
23  Younger abstention, such that any dispute over the use of Agilis should be resolved by the
24  Nevada Supreme Court in the *Kraus* case.
25  / / /
26  / / /
27  / / /
28  / / /

1    Additionally, it should be noted that the Secretary of State has investigated the

2  claims by Plaintiff Stokke.  Exhibit 4 is a true and correct copy of the investigative report.

3    DATED this 6th day of November, 2020.

4                                                  /s/*Gregory L. Zunino*_____

5                                                  GREGORY L. ZUNINO, Bar #4805

**CERTIFICATE OF MAILING**

I certify that I am an employee of the Office of the Attorney General, State of Nevada, and that on this 6th day of November, 2020, I filed with this Court's CM/ECF electronic filing system, **DECLARATION OF GREGORY L. ZUNINO IN SUPPORT OF OPPOSITION TO PLAINTIFFS' EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION,** parties associated with this case will be served by this Court's electronic notification system.


_____
Sandra L. Geyer
Office of the Attorney General

1

2

**INDEX OF EXHIBITS**

| EXHIBIT NO. | EXHIBIT DESCRIPTION | NUMBER OF PAGES |
|---|---|---|
| 1. | Order Denying Emergency Petition for Writ of Mandamus or in the Alternative Writ of Prohibition | 21 |
| 2. | Order Denying request for Emergency Stay | 4 |
| 3. | Settlement including dispute over using Agilis to count votes in Clark County | 15 |
| 4. | Investigative Report of claims by Plaintiff Stokke | 2 |

# EXHIBIT 1

## Order Denying Emergency Petition

# EXHIBIT 1

REC'D & FILED

2020 OCT 29  PH 5: 44

AUBREY ROWLATT
CLERK

BY_____
DEPUTY

1

2

3

4

5

6   **IN THE FIRST JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA**
    **IN AND FOR CARSON CITY**

7

8   -oOo-

9   FRED KRAUS, an individual registered       CASE NO. 20 OC ~~00054~~ 00142 1B
    to vote in Clark County, Nevada,
10  DONALD J. TRUMP FOR PRESIDENT,              DEPT.     2
    INC., and the NEVADA REPUBLICAN
11  PARTY,

12          Petitioners,

13  vs.

14
    BARBARA CEGAVSKE, in her official
15  capacity as Nevada Secretary of State,
    JOSEPH P. GLORIA, in his official
16  capacity as Registrar of Voters for Clark
    County, Nevada,
17
18          Respondents.

19
    _____

20  **ORDER DENING EMERGENCY PETITION FOR WRIT OF MANDAMUS, OR**

21  **IN THE ALTERNATIVE, WRIT OF PROHIBITION**

22
23                  **PROCEDURAL BACKGROUND**

24          Before the Court is the Emergency Petition for Writ of Mandamus, or in the

25  Alternative, Writ of Prohibition. The Court held an evidentiary hearing on October 28,

26  2020.

27

## ISSUES

Do Petitioners have standing to bring these claims?

Has Registrar Joseph P. Gloria failed to meet his statutory duty under NRS 293B.353(1) to allow members of the general public to observe the counting of ballots?

Has Registrar Gloria unlawfully precluded Petitioners from the use and enjoyment of a right to which Petitioners are entitled?

Has Registrar Gloria exercised discretion arbitrarily or through mere caprice?

Has Registrar Gloria acted without or in excess of authorized powers?

Has Secretary of State Barbara Cegavske failed to meet any statutory duty under NRS 293B.353(1) to allow members of the general public to observe the counting of ballots?

Has Secretary of State Barbara Cegavske unlawfully precluded Petitioners from the use and enjoyment of a right to which Petitioners are entitled?

Has Secretary Cegavske exercised discretion arbitrarily or through mere caprice?

Has Secretary Cegavske acted without or in excess of authorized powers?

Has Secretary of State Cegavske unlawfully precluded Petitioners the use and/or enjoyment of a right to which Petitioners are entitled?

Have Petitioners proved they are entitled to a writ of mandamus on their equal protection claims?

## FACTS

It is important to note the factual context in which this case arose. All of the states in the United States are attempting to hold elections under the health, political, social, and economic consequences of the COVID-19 pandemic. Nevada's state and county election officials had relatively little time to assess, plan, modify, and implement procedures that are quite different from the established election procedures in an effort

1  to provide safe, open elections that would not result in long waiting lines. The

2  modification of procedures includes fewer polling places, a very large increase in mail-in

3  voting, and long lines as a result of social distancing.

4       A second important context is that this lawsuit was filed October 23, 2020–11

5  days before the general election.

6       Every Nevada county is required to submit to the Secretary of State, by April 15,

7  2020, the county's plan for accommodation of members of the general public who

8  observe the processing of ballots. NRS 293B.354(1). Registrar Gloria did not submit a

9  plan by April 15, 2020.

10       Registrar Gloria submitted a plan to the Secretary of State on October 20, 2020.

11  A copy of the plan is attached as Exhibit 1.

12       Historically, the Secretary of State has not sent letters or other notification to the

13  counties approving the counties' plans.

14       The Secretary of State's office reviewed Registrar Gloria's plan, concluded it

15  complied with the law, and Secretary Cegavske issued a letter to Registrar Gloria on

16  October 22, 2020. The letter is attached as Exhibit 2. The Secretary did not write that

17  Registrar Gloria's plan was "approved," but it is clear from the letter that the plan was

18  approved with a suggestion to that the Registrar consider providing additional seating in

19  public viewing areas for observers to view the signature verification process to the extent

20  feasible while ensuring that no personally identifiable information is observable by the

21  public.

22       A copy of all 17 county plans were admitted as exhibits. Clark County's plan is not

23  substantially different from the plan of any of the other 16 counties, and none of the

24  plans is substantially different from the plans of previous years.

25       Clark County uses an electronic ballot sorting system, Agilis. No other Nevada

26  county uses Agilis. Some major metropolitan areas including Cook County, Illinois, Salt

27

1   Lake City, Utah, and Houston, Texas use Agilis. Some Nevada counties use other brands
2   of ballot sorting systems.

3   Registrar Gloria decided to purchase Agilis because of the pandemic and the need
4   to more efficiently process ballot signatures.

5   One of Petitioners' attorneys questioned Registrar Gloria about Agilis in earlier
6   case, Corona v. Cegavske, but never asked Registrar Gloria to stop using Agilis.

7   Clark County election staff tested Agilis by manually matching signatures. Clark
8   County election staff receives yearly training on signature matching from the Federal
9   Bureau of Investigation. The last training was in August of this year.

10   For this general election Clark County is using the same they used for the June
11   primary election. No evidence was presented that the setting used by Clark County
12   causes or has resulted in any fraudulent ballot being validated or any valid ballot
13   invalidated.

14   No evidence was presented of any Agilis errors or inaccuracies. No evidence was
15   presented that there is any indication of any error in Clark County's Agilis signature
16   match rate.

17   Registrar Gloria opined that if Clark County could not continue using Agilis the
18   county could not meet the canvass deadline which is November 15, 2020. The Court
19   finds that if Clark County is not allowed to continue using Agilis the county will not meet
20   the canvass deadline.

21   When the envelope containing mail-in ballots are opened the ballot and envelope
22   are separated and not kept in sequential order. Because they are not kept in sequential
23   order it would be difficult to identify a voter by matching a ballot with its envelope.

24   This is the first election in Registrar Gloria's 28 years of election experience in
25   Clark County that there are large numbers of persons wanting to observe the ballot
26   process.

27

4

1       Persons that observe the ballot process sign an acknowledgment and a memo

2   containing instructions to the observer. A copy of an acknowledgment and memo are

3   attached as Exhibit 3.

4       People hired by the Registrar to manage the people wanting to observe the ballot

5   process are called ambassadors. The observer acknowledgment states observers are

6   prohibited from talking to staff. The memo explains the role of ambassadors and invites

7   observers to inform their ambassador they have a question for election officials or the

8   observer may pose a question directly to an election official.

9       Registrar Gloria is not aware of any observer complaints.

10      Several witnesses supporting Petitioners and called by Petitioners testified: they

11  saw ballots that had been removed from the envelope left alone; runners handle ballots

12  in different ways, including taking the ballots into an office, taking ballots into "the

13  vault" and/or otherwise failing to follow procedure, but no procedure was identified;

14  inability to see some tables from the observation area; inability to see into some rooms;

15  inability to see all election staff monitors; inability to see names on monitors; saw a

16  signatures she thought did not match but admitted she had no signature comparison

17  training; and/or trouble getting to where they were supposed to go to observe and

18  trouble being admitted to act as observer at the scheduled time.

19      No evidence was presented that any party or witness wanted to challenge a vote

20  or voter, or had his or her vote challenged.

21      No evidence was presented that there was an error in matching a ballot signature,

22  that any election staff did anything that adversely affected a valid ballot or failed to take

23  appropriate action on an invalid ballot.

24      No evidence was presented that any election staff were biased or prejudiced for or

25  against any party or candidate.

26

27

One Petitioner witness did not raise issues regarding things she observed with an ambassador but instead went to the Trump Campaign. No issue was ever raised as a result of her observations or report to the Trump Campaign.

Washoe County is using cameras to photograph or videotape the ballot process. No Nevada county hand-counts ballots.

## LEGAL PRINCIPLES

### Standing

Nevada law requires an actual justiciable controversy as a predicate to judicial relief. *Doe v. Bryan*, 102 Nev. 523, 525, 728 P.2d 443, 444 (1986). For a controversy to exist the petitioner must have suffered a personal injury and not merely a general interest that is common to all members of the public. *Schwarz v. Lopez*, 132 Nev. 732, 743, 382 P.3d 886, 894 (2016).

### Mandamus and Prohibition

A court may issue a writ of mandamus "to compel the performance of an act which the law especially enjoins as a duty resulting from an office . . . ; or to compel the admission of a party to the use and enjoyment of a right or office to which the party is entitled and from which the party is unlawfully precluded by such . . . person." NRS 34.160. A court may issue a writ of mandamus "when the respondent has a clear, present legal duty to act." *Round Hill Gen. Imp. Dist. v. Newman*, 97 Nev. 601, 603, 637 P.2d 534 (1981). The flip side of that proposition is that a court cannot mandate a person take action if the person has no clear, present legal duty to act. Generally, mandamus will lie to enforce ministerial acts or duties and to require the exercise of discretion, but it will not serve to control the discretion." *Gragson v. Toco*, 90 Nev. 131,

6

133 (1974). There is an exception to the general rule: when discretion "is exercised arbitrarily or through mere caprice." *Id.*

"Petitioners carry the burden of demonstrating that extraordinary relief is warranted." *Pan v. Dist. Ct.*, 120 Nev. 222, 228 (2004).

The writ of prohibition is the counterpart of the writ of mandate. It arrests the proceedings of any tribunal . . . or person exercising judicial functions, when such proceedings are without or in excess of the jurisdiction of such tribunal . . . or person. NRS 34.320.

A writ of prohibition "may be issued . . . to a person, in all cases where there is not a plain, speedy and adequate remedy in the ordinary course of law." NRS 34.330.

## Voting Statutes

NRS 293B.353 provides in relevant part:

> 1. The county . . . shall allow members of the general public to observe the counting of the ballots at the central counting place if those members do not interfere with the counting of the ballots.

> 2. The county . . . may photograph or record or cause to be photographed or recorded on audiotape or any other means of sound or video reproduction the counting of the ballots at the central counting place.

> 3. A registered voter may submit a written request to the county . . . clerk for any photograph or recording of the counting of the ballots prepared pursuant to subsection 2. The county . . . clerk shall, upon receipt of the request, provide the photograph or recording to the registered voter at no charge.

NRS 293B.354 provides in relevant part:

> 1. The county clerk shall, not later than April 15 of each year in which a general election is held, submit to the Secretary of State for approval a written plan for the accommodation of members of the general public who observe the delivery, counting, handling and processing of ballots at a polling place, receiving center or central counting place.

> . . .

3.  Each plan must include:

(a)   The location of the central counting place and of each polling place and receiving center;

(b)   A procedure for the establishment of areas within each polling place and receiving center and the central counting place from which members of the general public may observe the activities set forth in subsections 1 and 2;

(c)   The requirements concerning the conduct of the members of the general public who observe the activities set forth in subsections 1 and 2; and

(d)   Any other provisions relating to the accommodation of members of the general public who observe the activities set forth in subsections 1 and 2 which the county . . . considers appropriate.

AB 4 section 22 provides in relevant part:

1.  For any affected election, the county . . . clerk, shall establish procedures for the processing and counting of mail ballots.

2.     The procedures established pursuant to subsection 1:

(a)   May authorize mail ballots to be processed and counted by electronic means; and

(b)   Must not conflict with the provisions of sections 2 to 27, Inclusive, of this act.

AB 4 section 23 provides in relevant part:

1.     . . . for any affected election, when a mail ballot is returned by or on behalf of a voter to the county . . .clerk . . . and a record of its return is made in the mail ballot record for the election, the clerk or an employee in the office of the clerk shall check the signature used for the mail ballot in accordance with the following procedure:

a.   The clerk or employee shall check the signature used for the mail ballot against all signatures of the voter available in the records of the clerk.

8

AB 4 section 25 provides in relevant part:

1.   The counting procedures must be public.

## ANALYSIS

**Petitioners failed to prove they have standing to bring their Agilis, observation, ballot handling or secrecy claims.**

As set forth above for a justiciable controversy to exist the petitioner must have suffered a personal injury and not merely a general interest that is common to all members of the public. Petitioners provided no evidence of any injury, direct or indirect, to themselves or any other person or organization. The evidence produced by Petitioners shows concern over certain things these observers observed. There is no evidence that any vote that should lawfully be counted has or will not be counted. There is no evidence that any vote that should lawfully not be counted has been or will be counted. There is no evidence that any election worker did anything outside of the law, policy, or procedures. Petitioners do not have standing to maintain their mandamus claims.

Likewise, Petitioners provided no evidence of a personal injury and not merely a general interest that is common to all members of the public regarding the differences between the in-person and mail-in procedures. Petitioners provided no evidence of any injury, direct or indirect, to themselves or any other person or organization as a result of the different procedures. All Nevada voters have the right to choose to vote in-person or by mail-in. Voting in person and voting by mailing in the ballot are different and so the procedures differ. There is no evidence that anything the State or Clark County have done or not done creates two different classes of voters. There is no evidence that anything the State or Clark County has done values one voter's vote over another's.

There is no evidence of any debasement or dilution of any citizen's vote. Petitioners do not have standing to bring their equal protection claims.

**Petitioners failed to prove Registrar Gloria failed to meet his statutory duty under NRS 293B.353(1) to allow members of the general public to observe the counting of ballots?**

Petitioners argued they have a right to observers having meaningful observation under NRS 293B.353(1) and AB 4 sec. 25. NRS 293B.353(1) provides in relevant part, "[t]he county . . . shall allow members of the general public to observe the counting of the ballots . . . ." AB 4 sec. 25 provides in relevant part "[t]he counting procedure must be public." The statutes do not use the modifier "meaningful."

The Nevada Legislature codified the right of the public to observe the ballot counting procedure in NRS 293B.353 and 293B.354, and AB 4 section 25(1). NRS 293B.354(1) requires each county to annually submit a plan to the Secretary of State. NRS 293B. 354(3) states the requirements of the plan. The statutory requirements of the plan are very general. The legislature left to the election professionals, the Secretary of State and the county elections officials, wide discretion in establishing the specifics of the plan. Petitioners failed to prove either Secretary Cegavske or Registrar Gloria exercised their discretion arbitrarily or through mere caprice.

The fact that Registrar failed to timely submit a plan was remedied by submitting the plan late and the Secretary of State approving the plan.

Petitioners seem to request unlimited access to all areas of the ballot counting area and observation of all information involved in the ballot counting process so they

can verify the validity of the ballot, creating in effect a second tier of ballot counters and/or concurrent auditors of the ballot counting election workers. Petitioners failed to cite any constitutional provision, statue, rule, or case that supports such a request. The above-cited statutes created observers not counters, validators, or auditors. Allowing such access creates a host of problems. Ballots and verification tools contain confidential voter information that observers have not right to know. Creating a second tier of counters, validators, or auditors would slow a process the Petitioners failed to prove is flawed. The request if granted would result in an increase in the number of persons in the ballot processing areas at a time when social distancing is so important because of the COVID-19 pandemic.

Petitioners have failed to prove Registrar Gloria has interfered with any right they or anyone else has as an observer.

Petitioners claim a right to have mail-in ballots and the envelopes the ballots are mailed in to be kept in sequential order. Petitioners failed to cite Constitutional provision, statute, rule, or case that creates a duty for Nevada registrars to keep ballots and envelopes in sequential order. Because they failed to show a duty they cannot prevail on a mandamus claim that requires proof a duty resulting from office. Because there is no duty or right to sequential stacking the Court cannot mandate Registrar Gloria to stack ballots and envelopes sequentially.

Because there is not right to sequential stacking the Court cannot mandate the use and enjoyment of that "right."

Plaintiffs want the Court to mandate Registrar Gloria allow Petitioners to photograph of videotape the ballot counting process. The legislature provided in NRS

11

293B.353(2) the procedure for photographing or videotaping the counting of ballots. The county may photograph or videotape the counting and upon request provide a copy of the photographs or videotapes.

Petitioners failed to cite any constitutional provision, statute, rule, or case that gives the public the right to photograph or videotape ballot counting.

Petitioners failed to prove Secretary Cegavske or Registrar Gloria exercised her or his discretion arbitrarily or through mere caprice in any manner. Therefore, the Court cannot mandate Registrar Gloria to require sequential stacking of ballots and envelopes.

Petitioners requested the Court mandate Registrar Gloria provide additional precautions to ensure the secrecy of ballots. Petitioners failed to prove that the secrecy of any ballot was violated by anyone at any time. Petitioners failed to prove that the procedures in place are inadequate to protect the secrecy of every ballot.

Petitioners also request the Court mandate Registrar Gloria stop using the Agilis system. Petitioners failed to show any error or flaw in the Agilis results or any other reason for such a mandate. Petitioners failed to show the use of Agilis caused or resulted in any harm to any party, any voter, or any other person or organization. Petitioners failed Registrar Gloria has a duty to stop using Agilis.

AB 4 passed by the legislature in August 2020 specifically authorized county officials to process and count ballots by electronic means. AB 4, Sec. 22(2)(a). Petitioners' argument that AB 4, Sec. 23(a) requires a clerk or employee check the signature on a returned ballot means the check can only be done manually is meritless. The ballot must certainly be checked but the statute does not prohibit the use of electronic means to check the signature.

12

**Equal Protection**

There is no evidence that in-person voters are treated differently than mail-in voters. All Nevada voters have the right to choose to vote in-person or by mail-in. Voting in person and voting by mailing in the ballot are different and so the procedures differ. Nothing the State or Clark County have done creates two different classes of voters. Nothing the State or Clark County has done values one voter's vote over another's. There is no evidence of debasement or dilution of a citizen's vote.

## CONCLUSIONS OF LAW

Petitioners do not have standing to bring these claims.

Registrar Joseph P. Gloria has not failed to meet his statutory duty under NRS 293B.353(1) to allow members of the general public to observe the counting of ballots.

Registrar Gloria has not precluded Petitioners from the use and enjoyment of a right to which Petitioners are entitled.

Registrar Gloria has not exercised discretion arbitrarily or through mere caprice.

Registrar Gloria has not acted without or in excess of authorized powers.

Secretary of State Barbara Cegavske has not failed to meet any statutory duty under NRS 293B.353(1) to allow members of the general public to observe the counting of ballots.

Secretary of State Barbara Cegavske has not unlawfully precluded Petitioners from the use and enjoyment of a right to which Petitioners are entitled.

Secretary Cegavske has not exercised discretion arbitrarily or through mere caprice.

13

1    Secretary Cegavske has not acted without or in excess of authorized powers.

2    Secretary of State Cegavske has not precluded Petitioners the use and/or

3  enjoyment of a right to which Petitioners are entitled.

4    Petitioners failed to prove they are entitled to a writ of mandamus on any of their

5  claims.

6

7                               **ORDER**

8    The Petition for Writ of Mandamus or in the Alternative for Writ of Prohibition is

9
10 denied.

11

12  October 29, 2020.

13                                          James E. Wilson, Jr.
14                                          District Judge

15

16

17

18

19

20

21

22

23

24

25

26

27                          14

## CERTIFICATE OF SERVICE

I certify that I am an employee of the First Judicial District Court of Nevada; that on the _2_ day of November 2020, I served a copy of this document by placing a true copy in an envelope addressed to:

| | |
|---|---|
| Brian R. Hardy, Esq.<br>10001 Park Run Drive<br>Las Vegas, NV 89145<br>bhardy@maclaw.com | David O'Mara, Esq.<br>311 E. Liberty Street<br>Reno, NV 89501<br>david@omaralaw.net |
| MaryAnn Miller<br>Office of the District Attorney<br>Civil Division<br>500 S. Grand Central Parkway<br>Las Vegas, NV 89106<br>Mary-Anne.Miller@clarkcountyda.com | Bradley Schrager, Esq.<br>3556 E. Russell Road<br>Second Floor<br>Las Vegas, NV 89120<br>Bschrager@wrs.awyers.com |
| Daniel Bravo, Esq.<br>3556 E. Russell Road<br>Second Floor<br>Las Vegas, NV 89120<br>dbravo@wrslawyers.com | Gregory L. Zunino, Esq.<br>Office of the Attorney General<br>100 North Carson Street<br>Carson City, NV 89701<br>Gzunino@ag.nv.gov |

the envelope sealed and then deposited in the Court's central mailing basket in the court clerk's office for delivery to the USPS at 1111 South Roop Street, Carson City, Nevada, for mailing.

Billie Shadron
Judicial Assistant

015



# Election Department

965 Trade Dr • Ste A • North Las Vegas NV  89030
Voter Registration (702) 455-8683  •  Fax (702) 455-2793

Joseph Paul Gloria, Registrar of Voters
Lorena Portillo, Assistant Registrar of Voters

October  20, 2020

The Honorable Barbara K. Cegavske
Secretary of State
State of Nevada
101 N. Carson St., Suite 3
Carson City, Nevada  89701-4786

Attention:     Wayne Thorley
               Deputy Secretary of State for Elections

RE: Accommodation of Members of the General Public at Polling Places, Mail Ballot
Processing, and at the Central Counting Place

Dear Secretary Cegavske:

In accordance with NRS 293B.354, I am forwarding to you the following guidelines
which are provided to our polling place team leaders and our election staff to ensure we
accommodate members of the general public who wish to observe activities within a
polling place and/or at the central counting facilities.

## Polling Places (Early Voting and Election Day)

Designated public viewing areas are established in each polling place, both early voting
and Election Day vote centers, where individuals may quietly sit or stand and observe the
activities within the polling place.

Observation guidelines:
- Observers may not wear or display political campaign items
- Observers may not photograph, or record by any other means, any activity at any
  early voting or Election Day polling place
- Use of cell phones is prohibited in the polling place
- Observers may not disrupt the voting process
- If observers have questions, they must direct them to the polling place team leader

**BOARD OF COUNTY COMMISSIONERS**
MARILYN KIRKPATRICK, Chair  •  LAWRENCE WEEKLY, Vice Chair
LARRY BROWN  •  JAMES B. GIBSON  •  JUSTIN C. JONES  •  MICHAEL NAFT  •  TICK SEGERBLOM
YOLANDA T. KING, County Manager

016

Page 2
Secretary of State Barbara K. Cegavske
March 14, 2018

## Mail Ballot Processing (Warehouse & Flamingo-Greystone Facility)

The general public is allowed, according to the NRS, to observe the counting of mail ballots. In addition, as a courtesy, members of the general public are also being allowed to observe our mail ballot processing procedures, which occur prior to tabulation.

Due to space limitations we are processing our mail ballots in two different facilities:

- 965 Trade Dr., North Las Vegas, NV 89030
  - o AGILIS mail ballot processing
  - o Signature audit team
  - o Tabulation
    - Ballot duplication
- 2030 E. Flamingo Road, Las Vegas, NV 89119
  - o Counting Board
    - Ballot duplication

Observation guidelines:
- Observers may not wear or display political campaign items
- Observers may not photograph, or record by any other means, any activity at any early voting or Election Day polling place
- Use of cell phones is prohibited in the polling place
- Observers may not disrupt the voting process
- If observers have questions, they must direct them to the polling place team leader

## Election Night (Warehouse Tabulating)

In front of our tabulation area an area is provided for any observer who wishes to observe our counting activity. Reports are provided after each update to the general public and are also available on our website for review. The general public may access the website through our free county wi-fi access on their personal devices should they choose to do so.

The public viewing area allows the general public to view the tabulation room, where the processing of election night results may be observed through windows that provide full view of all counting activity. Observers are not allowed inside the room because of congestion and COVID restrictions.

The Registrar is available to answer questions, although it should be noted that very few

Page 3
Secretary of State Barbara K. Cegavske
March 14, 2018

individuals from the public have been at the Election Center Warehouse on election night
since 2000. This will probably be different this year due to increased interest in observing
our activities.

In accordance with NRS 293B.354, at link provided here is a link to the vote center
polling places that will be used in the General Election on November 3, 2020 in Clark
County.  https://cms8.revize.com/revize/clarknv/Election%20Department/VC-Web-
20G.pdf?t=1602940110601&t=1602940110601.  An electronic copy is also attached to
the e-mail.


Sincerely,


Joseph P. Gloria
Registrar of Voters

Enclosures



# OBSERVATION OF POLLING PLACE OR CLARK COUNTY ELECTION DEPARTMENT LOCATIONS ACKNOWLEDGEMENT

In accordance with NAC 293.245 (full text included in page 2):

I, _VIRGINIA STEWART_, by signing this form, hereby acknowledge that during the time I observe the conduct of voting or of any election related process, I am prohibited from the following activities:

1. Talking to voters or staff within the polling place or Election Department location;
2. Using any technical devices within the polling place or Election Department location;
3. Advocating for or against a candidate, political party or ballot question;
4. Arguing for or against or challenging any decisions of the county or city election personnel and;
5. Interfering with the conduct of voting or any election related process.

I further acknowledge that I may be removed from the polling place by the county or city clerk for violating any provisions of Title 24 of the Nevada Revised Statutes or any of the restrictions described herein.

Representing Group/Organization:

_Republican Party_

Contact Information:

_619 456 8405_

Signature: _VegStewrt_

Print Name: _VIRGINIA STEWART_

Date: _10/27/20_

Polling Place or Election Department Location:

_TRADE_

October 21, 2020

Memo to Election Observers in the Greystone or County Election Department buildings:

Thank you for choosing to observe our voting process.

The department brought in additional staff to provide adequate supervision and security for observation areas. These staff, whom we call ambassadors, will accompany you while you are in our facilities.

Our ambassadors are not permanent Election Department employees and receive no training in our election processes, and so they are not able to accurately answer your questions about elections.

If you have any questions about the processes you are observing or other election-related questions, please inform the ambassador that you have a question for County Election Department officials. (The ambassador will create a list of questions from observers to relay to Election officials.) Or, you may choose to wait and pose their question to the Election official directly.

At this time, we plan to make Election Department officials available to observers around 9 a.m. and 3 p.m. daily to respond to any questions or concerns. These meetings will occur at both the Greystone and Election Department buildings

Thank you for our understanding.

Sincerely,


Joe Gloria

Clark County Registrar of Voters

**BARBARA K. CEGAVSKE**
*Secretary of State*

**MARK A. WLASCHIN**
*Deputy Secretary for Elections*

**STATE OF NEVADA**



**OFFICE OF THE**
**SECRETARY OF STATE**

**SCOTT W. ANDERSON**
*Chief Deputy Secretary of State*

October 22, 2020

Mr. Joe Gloria, Registrar of Voters
965 Trade Drive, Suite A
North Las Vegas, NV 89030-7802
jpg@ClarkCountyNV.gov
**via Email**

**Re: Revision of Observation Plan**

Mr. Gloria,

Over the last few days, a potential opportunity for improvement to your elections process observation plan have come to light that the Secretary of State believes to be worth considering. We have received Clark County's plan for accommodating election observers.  In addition to the items detailed in your plan, we would request that you consider implementing the following:

> Provide additional seating in the public viewing area for observing the signature verification process to the extent feasible while ensuring that no Personally Identifiable Information (PII) is observable to the public. This increase in seating should ensure meaningful observation.

If you have any questions regarding this letter and my determination in this matter, please contact me at (775) 684-5709.

Respectfully,

Barbara K. Cegavske
Secretary of State

**NEVADA STATE CAPITOL**
101 N. Carson Street, Suite 3
Carson City, Nevada 89701-3714

**MEYERS ANNEX**
**COMMERCIAL RECORDINGS**
202 N. Carson Street
Carson City, Nevada 89701-4201

**LAS VEGAS OFFICE**
2250 Las Vegas Blvd North, Suite 400
North Las Vegas, Nevada 89030-5873

021

nvsos.gov

# EXHIBIT 2

<u>Order Granting in Part and Denying in Part</u>

# EXHIBIT 2

IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| FRED KRAUS, AN INDIVIDUAL REGISTERED TO VOTE IN CLARK COUNTY, NEVADA; DONALD J. TRUMP FOR PRESIDENT, INC.; AND NEVADA REPUBLICAN PARTY, Appellants, vs. BARBARA K. CEGAVSKE, IN HER OFFICIAL CAPACITY AS NEVADA SECRETARY OF STATE; JOSEPH P. GLORIA, IN HIS OFFICIAL CAPACITY AS REGISTRAR OF VOTERS FOR CLARK COUNTY, NEVADA; DEMOCRATIC NATIONAL COMMITTEE; AND NEVADA STATE DEMOCRATIC PARTY, Respondents. | No. 82018 **FILED** NOV 0 3 2020 ELIZABETH A. BROWN CLERK OF SUPREME COURT BY _____ DEPUTY CLERK |

### ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR STAY AND TO EXPEDITE APPEAL

This appeal challenges a district court order denying a petition for a writ of mandamus or prohibition in an election matter.

Appellants have filed an emergency motion seeking immediate relief under NRAP 8, pending appeal, prohibiting the Clark County Registrar from continuing to duplicate mail ballots unless observers are granted an opportunity to meaningfully observe the process and from using artificial intelligence to authenticate ballot signatures. Appellants also seek to expedite this appeal.

As this matter involves the election process currently underway, we conclude that it should be expedited. Therefore, we grant the motion as to the request to expedite. Appellants shall have until tomorrow

20 - 40410

at 4 p.m. to file and serve their transcript request form or certificate that no transcript will be requested. NRAP 9(a). Appellants shall have until 4 p.m. on Thursday, November 5, 2020, to file and serve the docketing statement, opening brief, and appendices. Respondents' answering brief shall be due on or before 4 p.m. on Monday, November 9, 2020. No extensions of time will be granted.[1]

We have also considered appellants' request that we enjoin the registrar from duplicating ballots and using artificial intelligence to authenticate ballots. Under NRAP 8(c), in determining whether to grant a stay or injunction pending appeal, we look to whether the object of the appeal will be defeated absent a stay or injunction, whether the granting or denying of a stay or injunction will result in irreparable or serious injury to appellants and respondents, and whether appellants have demonstrated a likelihood of success on the merits.

Although some portions of the appeal may be defeated absent immediate relief, appellants have not demonstrated that the entire appeal will be defeated, and due to the urgent nature of the matter, we have granted their request to expedite. Moreover, appellants have not demonstrated a sufficient likelihood of success to merit a stay or injunction. The district court concluded that appellants' allegations lacked evidentiary support, and their request for relief to this court is not supported by

---

[1]For purposes of this order, we suspend the provisions of NRAP 25(a)(2)(B)(ii), (iii), and (iv), which provide that a document is timely filed if, on or before its due date, it is mailed to this court, dispatched for delivery by a third party commercial carrier, or deposited in the Supreme Court drop box. *See* NRAP 2. Accordingly, all documents shall be filed personally or by facsimile or electronic transmission with the clerk of this court in Carson City.

affidavit or record materials supporting many of the factual statements made therein. *See* NRAP 8(2)(B)(ii), (iii). It is unclear from the motion how appellants are being prevented from observing the process or that the use of the Agilis machine is prohibited under AB 4. As the district court's order points out, mandamus relief is warranted only to compel performance of a mandatory statutory duty or to remedy a manifest abuse of discretion. *Round Hill General Improvement Dist. v. Newman,* 97 Nev. 601, 603-04, 637 P.2d 534, 536 (1981). Appellants' motion, on its face, does not identify any mandatory statutory duty that respondents appear to have ignored. Further, appellants fail to address the district court's conclusion that they lack standing to pursue this relief. Thus, appellants have not shown that the NRAP 8(c) factors militate in favor of a stay or injunction, and the request for immediate relief is denied.

It is so ORDERED.

_____, C.J.
Pickering

_____, J.        _____, J.
Gibbons                        Hardesty

_____, J.        _____, J.
Parraguirre                    Stiglich

_____, J.        _____, J.
Cadish                         Silver

cc:    Hon. James E. Wilson, District Judge
       Hon. James E. Wilson, District Judge
       Marquis Aurbach Coffing
       O'Mara Law Firm, P.C.
       Harvey & Binnall, PLLC
       Wolf, Rifkin, Shapiro, Schulman & Rabkin, LLP/Las Vegas
       Attorney General/Carson City
       Perkins Coie, LLP/Washington DC
       Clark County District Attorney/Civil Division
       Carson City Clerk

# EXHIBIT 3

## Emergency Motion for Extension

# EXHIBIT 3

## IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| Fred Kraus, an individual registered to vote in Clark County, Nevada, DONALD J. TRUMP FOR PRESIDENT, INC.; the NEVADA REPUBLICAN PARTY, | |
| Appellants, | Electronically Filed<br>Nov 05 2020 01:46 p.m.<br>Elizabeth A. Brown<br>Clerk of Supreme Court |
| vs. | Case No.:    82018 |
| BARBARA CEGAVSKE, in her official capacity as Nevada Secretary of State, JOSEPH P. GLORIA, in his official capacity as Registrar of Voters for Clark County, Nevada, DEMOCRATIC NATIONAL COMMITTEE and NEVADA STATE DEMOCRATIC PARTY, | |
| Respondents. | Appeal from the First Judicial District Court, The Honorable Judge James E. Wilson Presiding |

## EMERGENCY MOTION UNDER NRAP 27(e)
## FOR EXTENSION OF BRIEFING SCHEDULE PENDING SETTLEMENT
### (Immediate Relief Required – 11/5/2020)

**Marquis Aurbach Coffing**
Brian R. Hardy, Esq.
Nevada Bar No. 10068
Susan E. Gillespie, Esq.
Nevada Bar No. 15227
10001 Park Run Drive
Las Vegas, Nevada 89145
Telephone: (702) 382-0711
Facsimile: (702) 382-5816
bhardy@maclaw.com
sgillespie@maclaw.com

**The O'Mara Law Firm, P.C.**
David O'Mara, Esq.
Nevada Bar No. 8599
311 E. Liberty Street
Reno, Nevada 89501
david@omaralaw.net

**Harvey & Binnall, PLLC**
Jesse R. Binnall, Esq. (*admitted pro hac vice*)
717 King Street, Suite 300
Alexandria, Virginia 22314
Telephone: (703) 888-1943
jbinnall@harveybinnall.com

Attorneys for Appellants

Appellants, Fred Kraus; Donald J. Trump for President, Inc.; the Nevada Republican Party (collectively "Appellants"), by and through their counsel of record, Marquis Aurbach Coffing; Harvey & Binnall, PLLC; and The O'Mara Law Firm, P.C., hereby move this Court pursuant to NRAP 31(b) and NRAP 27(e) for a 7-day extension of time to file their docketing statement, opening brief, and appendix pending settlement.

On November 3, 2020, this Court issued an order granting in part and denying part Appellants' emergency motion for stay and to expedite appeal, setting an expedited briefing schedule.  Appellants' docketing statement, opening brief, and appendix is currently due by 4pm today, November 5, 2020.  No previous extensions have been requested.   If this Court grants this request for a 7-day extension, Appellants' docketing statement, opening brief, and appendix will be due on November 12, 2020 by 4 pm.  Good cause exists for allowing Appellants' to extend the filing deadline until November 12, 2020 as follows:

1.     On November 4, 2020, Appellants and Respondents Barbara Cegavske and Joseph Gloria were able to reach a settlement agreement.

2.     On Wednesday evening, counsel for Appellants circulated a proposed stipulation and order containing the terms agreed upon to counsel for all Respondents including the District Court Intervenor Parties, Respondents Democratic National Committee and Nevada State Democratic Party

("Intervenors"), who asserted no claims and had no claims asserted against them in the District Court.

3.     Counsel for Respondent Joseph Gloria responded with a suggested change on the morning of November 5, 2020, which was accepted by Petitioners, and the revised stipulation and order was sent out for approval and subsequently approved and/or signed by Appellants and Respondents Barbara Cegavske and Joseph Gloria.[1]

4.     The stipulation and order is simple and contains the following terms:

The Registrar shall allow the public to have additional observation access to the ballot duplication in the Greystone Facility such that all tables where the duplication process is occurring shall be visible to public observers; and

Petitioners shall voluntarily dismiss the pending appeal in the Nevada Supreme Court, Case No. 82018.

Based upon the foregoing, the parties hereto agree to dismissal of all claims brought in this action and any appeal hereof with each party to bear its own fees and costs.

5.     Intervenors acknowledged receipt of the stipulation and order on October 4, 2020 but, despite multiple requests, have been unable to approve the two-

---

[1] The stipulation and order as approved by Appellants and Respondents Barbara Cegavske and Joseph Gloria is attached as **Exhibit 1**. Counsel for Respondent Joseph Gloria has executed the attached exhibit whereas Counsel for Respondent Barbara Cegavske sent an email approving use of his electronic signature on the same via an email sent on November 5, 2020 at 8:27 a.m.

003

page stipulation and order which affords the public additional observation access during this election.

6.      Once all signatures have been obtained, Appellants will file a motion for voluntary dismissal of the instant appeal to return jurisdiction to the District Court in order to complete the settlement of the case below.

7.      Appellants' will dismiss the instant appeal or, if a fully executed stipulation and order for settlement is not obtained, will determine how it intends to proceed no later than November 11, 2020 at 4 pm.

This motion is submitted in good faith and not for purposes of delay. Appellants wish to avoid any unnecessary expenditure of this Court's valuable resources as well as to avoid incurring additional costs to their clients in preparing unnecessary documents.  Appellants, therefore, respectfully request that this Court grant the instant motion and extend the briefing schedule by 7 days to allow the parties the opportunity to reach a complete settlement in this matter and dismiss this appeal.

Dated this 5th day of November, 2020.

MARQUIS AURBACH COFFING

By /s/ Brian R. Hardy
    Brian R. Hardy, Esq. (SBN 10068)
    Susan E. Gillespie, Esq. (SBN 15227)
    10001 Park Run Drive
    Las Vegas, Nevada 89145

Page 3 of 10

004

THE O'MARA LAW FIRM, P.C.
David O'Mara, Esq.
Nevada Bar No. 8599
311 E. Liberty Street
Reno, Nevada 89501

HARVEY & BINNALL, PLLC
Jesse R. Binnall, Esq. (*pro hac vice*)
717 King Street, Suite 300
Alexandria, Virginia 22314

Attorneys for Appellants

## <u>NRAP 27(e) CERTIFICATE</u>

I hereby certify that this Emergency Motion for Relief Under NRAP 27(e) relies upon issues raised by Appellants in the District Court, and otherwise complies with the provisions of NRAP 27(e).

As set forth in the body of this motion, emergency relief is needed immediately given the current election or on or before **November 5, 2020**.  The telephone numbers and office addresses of the attorneys for the parties are as follows:

**Marquis Aurbach Coffing**
Brian R. Hardy, Esq.
Susan E. Gillespie, Esq.
10001 Park Run Drive
Las Vegas, Nevada 89145
Telephone: (702) 382-0711
Facsimile: (702) 382-5816
bhardy@maclaw.com
sgillespie@maclaw.com

**&**

**The O'Mara Law Firm, P.C.**
David O'Mara, Esq.
Nevada Bar No. 8599
311 E. Liberty Street
Reno, Nevada 89501
Telephone: (775) 323-1321
david@omaralaw.net

**&**

**Harvey & Binnall, PLLC**
Jesse R. Binnall, Esq.
*(admitted pro hac vice)*
717 King Street, Suite 300
Alexandria, Virginia 22314
Telephone: (703) 888-1943
jbinnall@harveybinnall.com
*Attorneys for Appellants*

**Office of the Attorney General**
Gregory L. Zunino, Esq.
100 North Carson St.
Carson City, NV 89701-4717
Telephone: (775) 400-0340
Fax: (775) 684-1108
gzunino@ag.nv.gov
*Attorney for Respondent Barbara Cegavske*

**Clark County District Attorney**
Mary Anne Miller, Esq.
500 S.  Grand Central Pkwy, 5th Floor
Las Vegas, NV 89155
Telephone: (702) 671-2500
mary-anne.miller@clarkcountyda.com
*Attorney for Respondent Joseph Gloria*

**Wolf, Rifkin, Shapiro, Schulman & Rabkin, LLP**
Bradley S. Schrager, Esq.
Daniel Bravo, Esq.
3556 E. Russell Rd. 2nd Floor
Las Vegas, NV 89120
Telephone: (702) 341-5200
Fax: (702)341-5300
bschrager@wrslawyers.com
dbravo@wrslawyers.com

**&**

Page 6 of 10

**Perkins Coie LLP**
John M. Devaney, Esq.
(*admitted pro hac vice*)
700 Thirteenth Street NW, Suite 800
Washington, D.C. 2005-3960
jdevaney@perkinscoie.com
*Attorneys for Intervenor-Respondents, DNC Services Corporation/Democratic
National Committee and Nevada State Democratic Party*

According to the attached certificate of service, all parties through their counsel of record have been served electronically though this Court's electronic filing system, and by email as indicated. Furthermore, the undersigned notified the parties by email and/or telephone on November 5, 2020 of the instant emergency motion and the basis for the same. The undersigned's office also informed the Clerk of the emergency motion on the same day.

Dated this 5th day of November, 2020.

MARQUIS AURBACH COFFING

By /s/ Brian R. Hardy
   Brian R. Hardy, Esq.
   Nevada Bar No. 10068
   Susan E. Gillespie, Esq.
   Nevada Bar No. 15227
   10001 Park Run Drive
   Las Vegas, Nevada 89145

   THE O'MARA LAW FIRM, P.C.
   David O'Mara, Esq.
   Nevada Bar No. 8599
   311 E. Liberty Street
   Reno, Nevada 89501

HARVEY & BINNALL, PLLC
Jesse R. Binnall, Esq. (*pro hac vice)*
717 King Street, Suite 300
Alexandria, Virginia 22314

Attorneys for Appellants

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the foregoing **EMERGENCY MOTION FOR RELIEF**

**UNDER NRAP 27(e) FOR EXTENDED BRIEFING SCHEDULE PENDING**

**SETTLEMENT** was filed electronically with the Nevada Supreme Court on the <u>5th</u>

day of November, 2020. Electronic Service of the foregoing document shall be made

in accordance with the Master Service List as follows:

**Office of the Attorney General**
Gregory L. Zunino, Esq.
gzunino@ag.nv.gov
*Attorney for Respondent Barbara Cegavske*

**Clark County District Attorney**
Mary Anne Miller, Esq.
Mary-anne.miller@clarkcountyda.com
*Attorney for Respondent Joseph Gloria*

**Wolf, Rifkin, Shapiro, Schulman & Rabkin, LLP**
Bradley S. Schrager, Esq.
bschrager@wrslawyers.com
*Attorneys for Intervenor-Respondents, DNC Services Corporation/Democratic
National Committee and Nevada State Democratic Party*

I further certify that I served a copy of this document by emailing a true and

correct copy thereof due to the exigency of the requested relief:

**Office of the Attorney General**
Gregory L. Zunino, Esq.
100 North Carson St.
Carson City, NV 89701-4717
gzunino@ag.nv.gov
*Attorney for Respondent Barbara Cegavske*

Page 9 of 10

**Clark County District Attorney**
Mary Anne Miller, Esq.
500 S. Grand Central Pkwy, 5th Floor
Las Vegas, NV 89155
mary-anne.miller@clarkcountyda.com
*Attorney for Respondent Joseph Gloria*

**Wolf, Rifkin, Shapiro, Schulman & Rabkin, LLP**
Bradley S. Schrager, Esq.
Daniel Bravo, Esq.
3556 E. Russell Rd. 2nd Floor
Las Vegas, NV 89120
bschrager@wrslawyers.com
dbravo@wrslawyers.com

**Perkins Coie LLP**
John M. Devaney, Esq.
(*admitted pro hac vice*)
700 Thirteenth Street NW, Suite 800
Washington, D.C. 2005-3960
jdevaney@perkinscoie.com

*Attorneys for Intervenor-Respondents, DNC Services Corporation/Democratic*
*National Committee and Nevada State Democratic Party*

 /s/ Leah Dell
Leah Dell, an employee of
Marquis Aurbach Coffing

Page 10 of 10

011

Exhibit 1

1

**Marquis Aurbach Coffing**
Brian R. Hardy, Esq.

2

Nevada Bar No. 10068
Susan E. Gillespie, Esq.

3

Nevada Bar No. 15227
10001 Park Run Drive

4

Las Vegas, Nevada 89145
Telephone: (702) 382-0711

5

Facsimile: (702) 382-5816
bhardy@maclaw.com

6

sgillespie@maclaw.com

7

**The O'Mara Law Firm, P.C.**
David O'Mara, Esq.

8

Nevada Bar No. 8599

9

311 E. Liberty Street
Reno, Nevada 89501

10

11

**Harvey & Binnall, PLLC**
Jesse R. Binnall, Esq. (*admitted pro hac vice*)

12

717 King Street, Suite 300
Alexandria, Virginia 22314

13

Telephone: (703) 888-1943
jbinnall@harveybinnall.com

14

*Attorneys for Petitioners*

15

**IN THE FIRST JUDICIAL DISTRICT COURT**

16

**OF THE STATE OF NEVADA IN AND FOR CARSON CITY**

17

Fred Kraus, an individual registered to vote in Clark County, Nevada, DONALD J. TRUMP FOR

18

PRESIDENT, INC.; the NEVADA REPUBLICAN PARTY,

| | |
|---|---|
| Case No.: | 20 OC 00142 1B |
| Dept. No.: | 2 |

19

20

Petitioners,

v.

**STIPULATION AND ORDER FOR DISMISSAL OF ALL CLAIMS**

21

BARBARA CEGAVSKE, in her official capacity as Nevada Secretary of State, JOSEPH P. GLORIA, in

22

his official capacity as Registrar of Voters for Clark County, Nevada,

23

Respondents

24

and

25

Intervenor Respondents DEMOCRATIC NATIONAL COMMITTEE and NEVADA STATE

26

DEMOCRATIC PARTY,

27

Intervenor-Respondents.

28

*Left margin (vertical text):* MARQUIS AURBACH COFFING — 10001 Park Run Drive — Las Vegas, Nevada 89145 — (702) 382-0711  FAX: (702) 382-5816

MAC:14221-005 SAO for Dismissal 11/5/2020 10:33 AM

013

1

2 **STIPLUATION AND ORDER FOR DISMISSAL**

3     Petitioners, Fred Kraus, Donald J. Trump for President, Inc. and the Nevada Republican

4 Party (herein "Petitioners"), by and through their attorney of record, Brian R, Hardy, Esq. and

5 Barbara Cegavske, in her official capacity as Nevada Secretary of State through her attorney of

6 record, Gregory L. Zunino, Esq.; Joseph P. Gloria, in his official capacity as Registrar of Voters

7 for Clark County (the "Registrar")  through his attorney of record, Mary-Anne Miller, Esq. and

8 Intervenor Respondents Democratic National Committee and Nevada State Democratic Party

9 through its attorney, Daniel Bravo, Esq. hereby stipulate and agree as follows:

10     1. The Registrar shall allow the public to have additional observation access to the ballot

11         duplication in the Greystone Facility such that all tables where the duplication process

12         is occurring shall be visible to public observers; and

13     2. Petitioners shall voluntarily dismiss the pending appeal in the Nevada Supreme Court,

14         Case No. 82018

15     3. Based upon the foregoing, the parties hereto agree to dismissal of all claims brought in

16         this action and any appeal hereof with each party to bear its own fees and costs.

17 **AFFIRMATION**

18     The undersigned does hereby affirm that the preceding document does not contain the

19 Social Security number of any person.

20 Dated this 5th day of October, 2020          Dated this __th day of October, 2020

21 OFFICE OF THE DISTRICT                   MARQUIS AURBACH COFFING
   ATTORNEY, CIVIL DIVISION

22

23 By: _____             By: _____

24 Mary-Anne Miller, Esq., SBN 1419         Brian R. Hardy, Esq., SBN 10068
   500 S. Grand Central Pkwy                Susan E. Gillespie, Esq., SBN 15227

25 Las Vegas, NV 89106                      10001 Park Run Drive
   *Attorneys for Respondent, Joe P. Gloria*     Las Vegas, NV 89145

26                                          *Attorneys for Petitioners*

27

28

Page 2 of 3

MAC:14221-005 SAO for Dismissal 11/5/2020 8:21 AM

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

## STIPLUATION AND ORDER FOR DISMISSAL

Petitioners, Fred Kraus, Donald J. Trump for President, Inc. and the Nevada Republican Party (herein "Petitioners"), by and through their attorney of record, Brian R, Hardy, Esq. and Barbara Cegavske, in her official capacity as Nevada Secretary of State through her attorney of record, Gregory L. Zunino, Esq.; Joseph P. Gloria, in his official capacity as Registrar of Voters for Clark County (the "Registrar") through his attorney of record, Mary-Anne Miller, Esq. and Intervenor Respondents Democratic National Committee and Nevada State Democratic Party through its attorney, Daniel Bravo, Esq. hereby stipulate and agree as follows:

1. The Registrar shall allow the public to have additional observation access to the ballot duplication in the Greystone Facility such that all tables where the duplication process is occurring shall be visible to public observers; and

2. Petitioners shall voluntarily dismiss the pending appeal in the Nevada Supreme Court, Case No. 82018

3. Based upon the foregoing, the parties hereto agree to dismissal of all claims brought in this action and any appeal hereof with each party to bear its own fees and costs.

## AFFIRMATION

The undersigned does hereby affirm that the preceding document does not contain the Social Security number of any person.

Dated this 5th day of October, 2020          Dated this 5th day of October, 2020

OFFICE OF THE DISTRICT                        MARQUIS AURBACH COFFING
ATTORNEY, CIVIL DIVISION

By: _____                By: _____
Mary-Anne Miller, Esq., SBN 1419             Brian R. Hardy, Esq., SBN 10068
500 S. Grand Central Pkwy                     Susan E. Gillespie, Esq., SBN 15227
Las Vegas, NV 89106                           10001 Park Run Drive
*Attorneys for Respondent, Joe P. Gloria*     Las Vegas, NV 89145
                                              *Attorneys for Petitioners*

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

Page 2 of 3

MAC:14221-005 SAO for Dismissal 11/5/2020 8:21 AM

015

# EXHIBIT 4

## Investigative Report

# EXHIBIT 4

## NEVADA SECRETARY OF STATE

## <u>MEMORANDUM OF INTERVIEW</u>

**FILE NO: CRI20-105        DATE AND TIME OF INTERVIEW: 11/3/2020**

**TITLE OF CASE**:   Jill Stokke Elections

**NAME & TITLE OF INTERVIEWERS**:  **Paul Tucker, Chief Investigator**

**INTERVIEWEE**:

> NAME:  **Jill Stokke**
> ADDRESS: █████████████████████████
> ZIP: █████████
> PHONE : ███████
> DOB: ████████        SS# ████████████

**PLACE OF INTERVIEW:**   (Indicate if by telephone)

Telephonic interview with Jill Stokke (Stokke).   Attempted to contact Stokke at her residence on 11/3/20 at approximately 0900. A White Male Adult (WMA) answered the door and indicated Jill would not be home for most of the day. I provided this individual with my business card and asked him to have Jill call me in reference to her 2020 Ballot issue. Stokke called me on my office phone at 1611 hours on November 3, 2020.

**SUMMARY OF INFORMATION:**

**This case involves a voting issue associated with the 2020 General Election. Stokke contacted various Las Vegas local news organizations claiming she went to a polling place to cast her vote during the State of Nevada early voting period. At the polling place she was advised she would not be able to cast her vote as her ballot had previously been mailed in.**

**In an article posted on Las Vegas KLAS Channel 8 News website, it was reported Stokke was told by a poll worker the signature on the ballot received at the polling headquarters showed a signature match, and she would not be allowed to vote.**

**During my telephone interview with Stokke, she provided the following voluntary information:**

**On October 27, 2020, Stokke was taken to the polling place to cast a vote by a friend (she said she is legally blind). Upon attempting to cast her vote, she was**

*OFFICAL USE ONLY*
*THIS DOCUMENT IS THE PROPERTY OF THE STATE OF NEVADA, SECRETARY OF STATE.  THE CONTENTS ARE CONSIDERED CONFIDENTIAL AND MAY NOT BE REPRODUCED OR DISSEMINATED WITHOUT THE EXPRESS WRITTEN PERMISSION OF THE OFFICE OF THE SECRETARY OF STATE.*

## NEVADA SECRETARY OF STATE

## MEMORANDUM OF INTERVIEW

advised the polling headquarters had already received a ballot in her name and she would not be able to cast an additional vote.

Stokke told me she only received a sample ballot at her home, but to her knowledge never received a regular ballot.

She told me she went to elections headquarters to address the matter and spoke directly to Joe Gloria (Gloria). Gloria told her the signature on the ballot received on October 14, 2020, matched the signature she had on file with the registrar's office.

Stokke told me she thought an individual being evicted from her residence during this time may have taken her ballot. She said when she advised Gloria of this, he produced two yellow legal pads and told her if she provided a statement regarding the possible theft of her ballot, she would be provided a provisional ballot to cast.

Stokke told me she did not think she should be pressured into implicating another person in a crime when she had no proof this crime actually occurred.

I attempted to explain the legal ramifications of casting two ballots per Nevada Revised Statute (NRS) 293.780. I suggested that filling out a statement to support her allegation of a stolen ballot would ensure she would not be charged with a double voting crime.

Stokke maintained she should not have to implicate another person in a crime in order to cast her vote.

Stokke told me she contacted local news outlets to include channel 5 (Fox affiliate), channel 3 (NBC affiliate), and channel 8 (CBS affiliate).

She said Channel 8 reporter David Charns came to her residence and interviewed her. She said she was disappointed in the report as it only talked about her issue briefly, and then went on to talk about previous election issues.

Stokke then told me she was no longer going to pursue the situation because she felt like she had done everything she could.

I advised Stokke I would still be conducting an investigation. Stokke agreed to allow me to call her for follow up questions.

The call was then terminated after a duration of 34 minutes. It was not recorded.